Parker, C. J.
The plaintiff, Mowry, has brought this action in his own name; and the question is, whether he can maintain it, or whether he ought not to have sued as administrator of Boyden.
With respect to the count on the note, he could not recover, either in his own right, or as administrator, because the note was given by Adams.for the use and accommodation of Boyden, the intestate, and ought to have been paid by him, he having received the money from Warner. Besides, he derives no title to it from having paid and taken up the note, with the blank endorsement of Boyden; for the note was not payable to bearer, as he has declared, but to order ; and he has not averred any assignment of it to himself.
With respect to the other counts, as the defendant was guilty of a breach of faith in endorsing the second note and receiving the money for it, he never having given any valuable consideration to Boyden for the note, he is conscientiously, as well as legally, bound to pay the amount to some one.
The question is, whether he became indebted to the * plaintiff, or to the estate of Boyden; and this depends upon the time and manner of his becoming liable. The mere taking up the money from Warner did not create the debt; for Boyden was not prejudiced, until he should be called upon to pay, nor would he have had a right of action, until so called upon. He died without paying, and there was therefore no promise to him. His estate was. however, liable, and the admiuis *283 trator, if called upon, was obliged to pay. The debt of Adams accrued when Mowry paid the money; an implied promise then arising to repay, it being, in fact, the debt of Adams for which Mowry was surety, and which was paid by Mowry to the use of Adams.
But the promise could not accrue to Boyden, he being dead. It was therefore a promise to the administrator. Now, it is settled that, when a contract is made with an executor or administrator personally, after the death of the testator or intestate, or where money is received by the person sued after the death, in such cases, the executor or administrator may sue either in his own name, or as executor or administrator. By suing in his own name, he becomes answerable to the estate for the amount recovered, and it is an implied acknowledgment of assets to that amount in his hands.
The present is a case of that sort. The plaintiff takes money of the estate to pay a debt, for which the estate is answerable; he sues the principal debtor in his own name; he is chargeable with the amount of the debt as assets ; and he may recover the amount from the debtor in his own name. (1)

Judgment on the verdict.

0

 6 Mod. 92, 181. —2 D. & E. 477.— Willes's Rep. 103. —1 Com. on Con, tracts, 526.