Parker C. J.
delivered the opinion of the Court. The *441 money paid both on the note and on the lease guarantied by the intestate, may well be recovered under the first count. It is settled in the case of Mowry v. Adams, 14 Mass. R. 327, that when an administrator pays a debt for which the intestate was surety, he may recover of the debtor in an action either m his own name or as administrator. This removes all objections, except as to the $ 199 paid by Mrs. Williams before her intermarriage with E. Williams the plaintiff, all but that sum having been paid since the marriage. In regard to that sum it is said that there ought to have been a special count, declaring, according to the fact, that the wife, while sole administratrix, paid the money; but we do not think that necessary. The final payment upon execution was after marriage, and while both of the plaintiffs were liable. The payment made by her before the marriage may be considered as in advance, to be accounted for on the final settlement, and the payment of the whole debt may be considered as made when the discharge was given ; so that substantially the debt was paid after the intermarriage. Besides, on the payment of this debt the defendant became indebted to the estate of the intestate, for which debt the husband and wife became, by the marriage, jointly liable ; they may well therefore join in the action ; indeed necessarily must ; and it is quite immaterial whether the debt paid out of the assets was paid by her alone or jointly, she being administratrix, and having paid in that capacity; it was the administrator of the intestate who paid the debt; it is the administator who now sues ; for the husband coming in only in right of his wife, they are but one administrator. He assumed her debts as administratrix, and succeeded to her rights jointly with her. Though the allegation is that the money was paid by both, it is no variance to prove that it was paid by her alone, for it was paid by the administrator, which she is now jointly with him.
The objection to a recovery on the second and third counts is well founded.
Judgment is to be entered according to the verdict, on the first count.