## MATTHEWS & WILSON v. MONTS.

1. PLEADINGS—MECHANIC'S LIEN—DEMURRER—ANSWER—LIMITATION OF ACTIONS.—An allegation in a complaint to foreclose a mechanic's lien, that material was furnished during months of January, February and March, shows with reasonable certainty that last of materials was furnished in March, but it seems that proper practice is to set up statutory bar by answer and not demurrer.

2. IBID.—IBID.—IBID.—An EXHIBIT may be used to make the allegations in a complaint definite and certain, and the exhibit served with this complaint shows that the property intended to be covered by the mechanic's lien is sufficiently described as required by Rev. Stat. 2469, in the "statement" filed and recorded, to save complaint from demurrer.

3. IBID.—IBID.—An allegation in complaint to foreclose mechanic's lien, that defendant said the land on which material was used was his, and in statement filed, served as exhibit, that property is his, is sufficient allegation of ownership.

4. MECHANIC'S LIEN.—In order to entitle party furnishing material for house to benefit of mechanic's lien, where owner of land is purchaser, it is not necessary to notify him of such intention when material is furnished.

Before BENET, J., Newberry, October, 1900.    Affirmed.
25—61

Complaint to foreclose mechanic's lien by Wilson and Matthews against J. Ed. Monts. From order overruling demurrer to complaint, defendant appeals.

*Messrs. Johnstone & Welch,* for appellant, cite: *Complaint must stand by its own allegations:* 59 S. C., 258. *Failure to allege that action was commenced within six months from ceasing to furnish material is a defect fatal on demurrer:* Rev. Stat., 2471; Code, 111, 112; 13 Ency., 1 ed., 703, 688; 13 Ency. P. & P., 977; 15 Ency., 1 ed., 157; Pom. Rem. & Rem. Rights, 2 ed., 495. *Complaint must allege that the "statement" contained a description of the property:* 13 Ency. P. & P., 984; 15 Ency., 1 ed., 155. *Failure to allege ownership is fatal:* Rev. Stat., 2466, 2469; 13 Ency. P. & P., 969; 15 Ency., 158; 27 Ark., 564. *Allegation as to when claimant ceased to furnish material is imperative:* 13 Ency. P. & P., 977; 15 Ency., 1 ed., 163.

*Messrs. Hunt & Hunt,* contra, cite: *Petition or complaint is drawn according to statute:* Rev. Stat., 2475. *Suit is commenced when petition is filed:* 22 S. C., 540. *Property is described in "statement" sufficiently for purposes of sale:* Rev. Stat., 2469, 2475; 13 Ency. P. & P., 983. *If allegation of this fact in complaint be uncertain, exhibit fills it out:* 59 S. C., 256. *Where owner is purchaser, notice need not be given:* Rev. Stat., 2466.

August 16, 1901. The opinion of the Court was delivered by

MR. JUSTICE JONES. This appeal is from an order, overruling a demurrer to a complaint to foreclose a mechanic's lien. The demurrer was as follows:

"The said complaint does not state facts sufficient to constitute a cause of action:

"1. In that it is not alleged in the complaint that this action was commenced within six months after the plaintiffs ceased to labor or furnish material for said building.

"2. In that no description of the property is alleged to have been given in the 'statement' filed in the clerk's office, May 21st, 1898.

"3. In that it is not alleged that the defendant is the owner of the property upon which said building was erected.

"4. In that it is not alleged that notice was given to the owner of the said property.

"5. In that the date of ceasing to labor and furnish material upon said building is not given."

1. The action was commenced on September 1, 1898, and the complaint alleges that "the petitioners above named delivered to the said J. Ed. Monts during the months of January, February and *March* of the year 1898, lumber and other building materials and performed labor thereon, &c." So that it appears with reasonable certainty that the action was commenced within six months after the plaintiffs ceased to furnish labor or material, even if it be conceded that demurrer is the proper remedy. It would seem, however, that the proper remedy in such case is not demurrer, but answer setting up the statutory bar to the action. Sec. 94 of the Code provides that "the objection that the action was not commenced within the time limited can only be taken by answer."

2. We think the complaint shows compliance with sec. 2469, Rev. Stat. 1893, which requires that the "statement" to be filed with the clerk of the court or register of mesne conveyances within ninety days after ceasing to furnish labor or materials, shall contain "a description of the property intended to be covered by the lien sufficiently accurate for identification." The complaint alleges in paragraph 2 that plaintiffs, by the contract made with defendant, "were to furnish lumber and other building materials for the construction and erection of a one-story frame shingle roof building upon certain real estate hereinafter more fully described," and paragraphs 6 and 7 allege as follows: "6. That the above mentioned one-story frame shingle roof building is situate on a piece, parcel or tract of land

lying in the county and State aforesaid, containing fifty
acres, more or less, and bounded on the east by lands of
* * * 7. That within ninety days after petitioners had
ceased to furnish labor and materials for above described
building, that is to say, on May 21st, 1898, the above peti-
tioners filed in the office of the clerk of the court for New-
berry County a just and true account due them, with all
credits due, with notice therein that said petitioners would
avail themselves and seek the benefit pursuant to the pro-
visions of the act of the General Assembly of the State of
South Carolina in reference to 'labor performed or fur-
nished, or for materials furnished and actually used in the
erection, alteration or repair of any building or structure
upon any real estate,' and all acts and parts of acts amenda-
tory thereto. Said above mentioned paper was filed in the
office of the clerk of the court for Newberry County on May
21st, 1898, in book No. 10, at pages 290, 291, 292, 293."

Then, in paragraph 9, said "statement" and petition was
made a part of the complaint as an exhibit, in which exhibit
the property is described as in the sixth paragraph of the
complaint. While an exhibit to a complaint may not be used
to supply a material allegation or cure a fatal defect in the
complaint, it may be resorted to to make the allegations of
the complaint definite and certain. *Cave* v. *Gill,* 59 S. C.,
258. For the purposes of a demurrer, these allegations suf-
ficiently show the filing of the statement required by the stat-
ute, containing a description of the property sufficiently ac-
curate for identification.

3. The third specification is likewise untenable. The
complaint, after referring to the real estate to be affected by
the lien for labor and material, alleged that "the said J. Ed.
Monts then and there stated that he was the owner
of said real estate," and in the exhibit accompanying
the complaint, which as shown may be resorted to to
make the allegations of the complaint definite and certain, it
is stated that J. Ed. Monts is the owner of the premises.

4. This specification cannot be sustained. Under sec.

2466, Rev. Stat., notice to the owner of the property to be affected by the lien, of the intention to claim such lien, need not be given, if the owner is the purchaser.

By the allegations of the complaint the owner of the premises was the purchaser of the material, &c.

5. As already shown, the complaint alleges that the materials were delivered and labor performed during the months of January, February and March, 1898, which substantially alleges that the date of ceasing to labor and furnish material was during the month of March, 1898.

The judgment of the Circuit Court is affirmed, with leave, however, to the defendant to answer, if he be so advised, within twenty days after the filing of the remittitur herein.