GEORGE F. MORSE ET AL., EXECUTORS, &c., PLAINTIFFS IN ERROR, v. ARTHUR R. KING, DEFENDANT IN ERROR.

Submitted December 12, 1905—Decided June 18, 1906.

A foreign executor may sue, in his representative capacity, without filing an exemplified copy of his letters testamentary, whenever the cause of action arises out of a contract or transaction to which he himself is a party.

---

On error to Essex Circuit Court.

For the plaintiffs in error, *Cornelius Doremus.*

For the defendant in error, *Conover English* and *Robert H. McCarter,* attorney-general.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiffs in this case sued as executors of Robert King, deceased. King was a

resident of New York at the time of his death, and the letters testamentary of the plaintiffs were issued to them in that state. The subject-matter of the suit is a promissory note, given by the defendant to the plaintiffs, as executors, in payment of the purchase price of the business of Robert King, which was sold to the defendant by the executors. At the close of the trial the court directed a nonsuit to be entered, upon the ground that the plaintiffs had failed to comply with the statutory provisions which require a foreign executor to file, either in the office of the registrar of the Prerogative Court or in the office of the clerk of the court in which he is about to proceed, an exemplified copy of his letters testamentary as a prerequisite to his right to bring suit.

The correctness of this ruling is challenged by the assignments of error.

The statutory provisions which were made the basis of the direction of a nonsuit apply only in those cases in which the executor sues in the right of his decedent; in other words, where the cause of action accrued to the decedent during his lifetime. Where the contract or transaction which is the basis of the suit is one to which the executor himself is a party—for instance, where the subject-matter of the litigation is a promise made by the defendant, not to the testator, but to the executor—the executor may bring the suit, either in his individual or in his representative character, as he may elect (*Myers v. Weger,* 33 *Vroom* 432), and if he elects to sue in his representative capacity he may do so without filing an exemplified copy of his letters. This is the general rule laid down in the text-books and supported by authority, as will be found by a reference to the cases cited in 13 *Am. & Eng. Encycl. L.* (*2d ed.*) 950, 951. It is the rule in this state, and was so declared by the Supreme Court in *Green, Administrator,* v. *Heritage,* 34 *Vroom* 455. In that case, like this, the contention was that the plaintiff, a foreign administrator, had no standing to sue without first filing in the court in which he brought his suit an exemplified copy of his letters of administration. The court held the contention untenable,

saying "that is true only when he sues in the right of his intestate, not in a case where he is a party to the transaction, although as administrator." Green *v.* Heritage was afterward reversed in this court (35 *Vroom* 567), but the reversal went upon a ground which did not involve the merits of the case, which we expressly declined to consider.

The direction of a nonsuit was erroneous, and the judgment under review must be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, FORT, GARRETSON, HENDRICKSON, PITNEY, SWAYZE, REED, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL. 15.