6937

### CAUTHEN v. GREEN & HINES.

1. DEMURRER.—In considering if a complaint is demurrable no pleadings or proceedings out of which the case at bar arose can be considered.

2. PARTIES—ADMINISTRATOR.—Upon an obligation or tort accruing to an administrator after death of intestate, he may sue in his individual capacity.

Before WILSON, J., Lancaster, June, 1907.   Affirmed.

Action by W. B. Cauthen against Green & Hines.   From order overruling demurrer to complaint, defendants appeal.

*Messrs. Green & Hines,* for appellants, cite: *Suit should be brought in name of administrator:* Williams on Ex. & Ad., 775; Wœner's Am. L. of Ad., sec. 199; 1 McC. Eq., 506, 191; 9 S. C., 253; 20 S. C., 349; 69 Ala., 385; 64 S. C., 236.

*Messrs. W. C. Hough* and *R. B. Allison,* contra, cite: *Complaint does not show on its face plaintiff has not legal*

*capacity to sue:* 41 S. C., 70; secs. 132, 142 Code of Proc.; 6 S. C., 184; 42 S. C., 588.

July 6, 1908. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an appeal from an order overruling a demurrer to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action.

The complaint, after alleging that the defendants are partners, contains the following allegations:

"That on the 13th day of December, 1905, J. F. Gregory, the clerk for the Circuit Court for Lancaster county, in said State, paid to the said defendants, John T. Green and Harry Hines, under the firm name of Green & Hines, the sum of fourteen hundred dollars, for the said plaintiff, W. B. Cauthen, as his attorneys in the case entitled W. B. Cauthen, administrator, and others, plaintiffs, against Alexander Cauthen and others, defendants.

"That thereafter, and before the commencement of this action, the said plaintiff demanded payment thereof from the said defendants.

"That the said defendants, after receiving from the clerk of the Court as aforesaid the said sum of fourteen hundred dollars in trust for the said plaintiff, refused and still refuse to pay the same over to this plaintiff, and have converted and appropriated the same to their own use, as plaintiff is informed and verily believes."

In their argument the appellant's attorneys state that the exceptions raise practically but one question, to wit: Did his Honor, the Circuit Judge, err in holding that W. B. Cauthen, as administrator of the estate of John M. Cauthen, deceased, and Arista Cauthen, were not necessary parties to this action?

In order to show that the administrator of the estate of John W. Cauthen, deceased, and Arista Cauthen are proper

parties, it would be necessary to refer to the pleadings and proceedings in the case of W. B. Cauthen, administrator, and others, plaintiffs, against Alexander Cauthen and others, defendants. This, however, is not permissible.

Even if the pleadings and proceedings in the case had been attached as an exhibit to the complaint herein, they could not be considered in determining whether the complaint was subject to demurrer. *Cave* v. *Gill*, 59 S. C., 256, 37 S. E., 817; *Matthews* v. *Monts*, 61 S. C., 385, 39 S. E., 575; *Dixon* v. *Roessler*, 70 S. C., 497, 50 S. E., 184.

There is another reason why the demurrer was properly overruled, to wit: because the alleged conversion of the property took place *after* the death of plaintiff's intestate.

"In all cases where the executor or administrator has the action in the right of his testator or intestate, that is, where the action accrued to the deceased in his lifetime, the executor or administrator must sue in his representative character. The same rule, differently expressed, is that where it becomes necessary for the plaintiff to make profert of his letters, testamentary or of administration, he should sue in his representative character. When the cause of action, whether in contract or in tort, accrues after the death of the testator or intestate, and the money if recovered will be assets, the plaintiff may declare in his representative character or in his own name, at his option. This rule prevails under the codes, as well as at common law, except that it is materially qualified where the Code provides that actions must be brought by the real party in interest, and that actions by an executor or administrator, upon a cause of action belonging to him, in his representative capacity, must be brought by him in that capacity." 8 Enc. of Pl. & Pr., 658-660.

"When a contract is made with an executor or administrator personally, after the death of the testator or intestate, or where money is received by the person sued, after the

death, in such case the executor or administrator may sue either in his own name or as executor or administrator." *Mowry* v. *Adams,* 14 Mass., 329.

It was held in the case of *Dial* v. *Tappan,* 20 S. C., 167, that where the allegations of the complaint showed that the plaintiff was owner and holder of the bond and mortgage in suit, not in his own right, but in his capacity as administrator, the complaint would not be held bad on demurrer for a failure to state that the plaintiff sued as administrator.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.