J. W. McWilliams Company, a corporation organized and existing under the laws of the State of Florida, *Plaintiff in Error*, v. Julia A. Travers, Susie Linebaugh and Joseph Frazier, duly appointed executors and trustees under the Last Will and Testament of Edward Marion Hendry, deceased, *Defendants in Error*.

Division B.

Opinion filed July 11, 1928.

Petition for rehearing denied September 17, 1928.

204

*Campbell & Campbell,* for Plaintiff in Error;

*J. Winfield Hendry,* for Defendant in Error.

WEST, Circuit Judge:

This is an action on a promissory note. The declaration is in substantially the form in common use in such cases in the courts of this State, the plaintiffs suing in their individual capacities. Upon a motion by plaintiff to strike designated parts of one plea, and the whole of two other pleas, on equitable grounds, there was a finding that the pleas sought to be stricken "amount to a plea in bar, staying the proceedings in said cause," because brought as individuals and not as executors of plaintiffs' decedent named in the pleas, whereupon the motion to strike was denied, with leave to plaintiffs to amend their declaration.

Thereafter plaintiffs filed an amended declaration, in which they sued as executors and trustees, under the last

will and testament of Edward Marion Hendry, deceased. In essential allegations the amended declaration is identical with the original. The difference is in the capacity in which plaintiffs sue. The will under which they purport to act is referred to, its place of probate in the public records of Hillsborough county is recited, and the reference thereto, as often as may be necessary, is prayed. The note sued on is attached to the declaration "and made as much a part thereof as if set forth in *haec verba.*" It is payable to "Julia A. Traver, Susie Linebaugh and Joseph Frazier."

The amended declaration was demurred to by defendant. The grounds of demurrer are, that the declaration is vague, indefinite, uncertain, insufficient, and sets forth no cause of action; that it fails to allege plaintiffs are, or were at the time of its filing, the duly qualified executors and trustees under said will; that it fails to allege plaintiffs have not been discharged as such executors and trustees; and fails to allege that certified copy of letters testamentary has been filed and recorded in Lee county, as required by law. This demurrer was overruled.

Pleas were filed by defendant. Demurrers to the first plea and pleas on equitable grounds were sustained. Demurrer to the third plea was overruled. Issue was joined on the third plea, and the case proceeded to trial, resulting in verdict and judgment for plaintiffs. Defendant took writ of error from this Court.

There are seven assignments of error, but only the first, fourth, sixth and seventh are insisted on here by argument in the briefs filed. So the second, third and fifth are considered abandoned. Kloss et al., v. State, 95 Fla. 433, 116 So. R. 39.

The order overruling the demurrer to the amended declaration is challenged by the first assignment of error. The only ground of the demurrer, in support of which there

is any argument, is that the declaration is vague, indefinite, uncertain, insufficient and sets forth no cause of action. The rule is that unless it clearly appears from a reading of the declaration that it does not contain, by express allegations, or from fair inference to be drawn from its allegations, all the essential elements of a cause of action, a demurrer on this ground will not be available because of noncompliance with the statute requiring the substantial matters of law intended to be argued to be stated. L. & N. R. R. Co. v. Carr et al., 77 Fla. 469, 81 So. R. 779; Benedict Pineapple Co. v. A. C. L. Ry. Co., 55 Fla. 514, 46 So. R. 732; German Am. Lbr. Co. v. Brock, 55 Fla. 577, 46 So. R. 740.

The action is by plaintiffs in their representative capacities. The note sued on and which is made a part of the declaration, is payable to plaintiffs as individuals. It appears from the note itself to be so. This it is, so defendant urges, that renders the declaration amenable to demurrer on the ground stated. But, as will appear from the discussion which follows, the declaration is not for that reason defective.

Upon the trial the note sued on was offered in evidence. Its admission was objected to on the ground that plaintiffs are suing as executors and trustees, whereas the note is payable to them individually, and there is no evidence that it was given them as executors and trustees, or that the note is the property of the estate. The objections were overruled. This ruling is the basis of the fourth and sixth assignments of error.

That there was no evidence, at the time the note was offered, that it was given to plaintiffs as executors and trustees, did not render it inadmissible under the allegations of the declaration. Nor would failure to prove, preliminarily to its introduction in evidence, that the note was the

property of the estate for which plaintiffs were acting, be grounds for excluding it. The note itself, and evidence of its character and ownership, could not be offered simultaneously.

But the primary contention against the admissibility in evidence of the note is that there is a variance between the allegation of the declaration and the evidence offered, in that plaintiffs sue as executors and trustees, whereas the note is payable to them individually. We have seen that the note which is sued on is made a part of the declaration. The note offered in evidence is the original. The evidence offered, therefore, was identical with the allegations of the declaration. But, aside from this, defendant is not in position to urge this assignment. In its first plea to the original declaration, in which plaintiffs sued as individuals, it averred, in substance, that the note sued on is one of three notes given by it to plaintiffs as a part of the purchase price for certain land described in the plea, bought by it from plaintiffs, as the executors and trustees of the estate of Edward Marion Hendry, deceased; that the notes were secured by a mortgage on the land purchased, made by it to plaintiffs, as such executors and trustees; that defendant did not read the notes, "one of which said notes the plaintiffs have filed suit in this case thereon, but presumed, and it was its intention, that said notes were made payable to Julia A. Travers, Susie Linebaugh and Joseph Frazier, as executors of the estate of Edward Marion Hendry, deceased, and not to Julia A. Travers, Susie Linebaugh and Joseph Travers (Frazier) as individuals"; that defendant has not been indebted to plaintiffs "as alleged," and is not due plaintiffs "said money as alleged." It was upon a hearing on motion to strike this and other pleas, containing similar averments, that the order was made resulting in the filing of an amended declaration by plain-

tiffs on the note in which they sue as executors and trustees. Having successfully contended in a formal verified pleading in this action that the note sued on was given to plaintiffs as a part of the purchase price for certain property of their decedent, conveyed by them to it, and that they therefore could not maintain an action in their individual capacities to enforce its payment, defendant can not now be permitted to say, when plaintiffs sue on the note, by amended declaration in the same action, in their representative capacities, and make the note a part of their declaration, that there is such a variance between the pleading and the proof as to require that the note be excluded from evidence and that the ruling admitting it was error. That plaintiffs held the note, as an asset of the estate of decedent, was susceptible of proof. A litigant may be estopped by averments in his pleadings in a case from maintaining an inconsistent position. 21 C. J. p. 1064; 31 Cyc. 87; Winn v. Strickland, 34 Fla. 610, 16 So. R. 606. And while defendant claims the benefits of its plea and the ruling on it stands as a bar to an action by plaintiffs in their individual capacities, the plea cannot be considered as abandoned.

Furthermore, this action may have been prosecuted by plaintiffs, either in their representative or their individual capacity. In 11 R. C. L. p. 287, the general rule is stated as follows: "Where the contract or transaction which is the basis of the suit is one to which the representative himself is a party, as for instance, where the subject-matter of the litigation is a promise made by the defendant, not to the decedent, but to the representative, the latter may bring the suit, either in his individual or his representative character, as he may elect. One of the most frequent instances in which this principle has application is where a contract is made with an executor or administrator in that

capacity. In such cases he may bring suit on it in his own name, or he may, at his option, sue for it in his representative capacity.'' In Leavitt v. James F. Sholes & Co., 210 N. Y. 107, 103 N. E. R. 965, the court said: ''Although the proper form of action on a cause of action arising out of the administration of the estate, is by the personal representative individually, basing his right and title on his letters of administration or letters testamentary, yet it is well sustained by authority that, with the exceptions already stated, he may sue either individually or in his representative capacity, and this for the reason that no matter in which capacity a recovery is had, the recovery becomes assets of the estate for which he is accountable, and it does not concern the defendant, whose liability is individual in any event, so that the form of judgment is necessarily the same, and the same defenses and remedies are available to the defendant, whose liability will be discharged by the satisfaction of the recovery, no matter in which form it may be had.'' See 24 C. J. 732; 8 Enc. Pldg. & Prac. 658; Cawthen v. Green, 80 S. C. 432, 61 S. E. R. 957; Morse v. King, 73 N. J. L. 548, 63 Atl. R. 986; Getty v. Larkin, 59 Kan. 548, 53 Pac. R. 755; Burwell v. Kern, 34 Ore. 501, 56 Pac. R. 809; Mowry v. Adams, 14 Mass. 327.

Therefore, since plaintiffs may have prosecuted the action in either their individual or representative capacities, it was not error when they did sue as executors and trustees, declaring on the note, to admit it in evidence though payable to them as individuals, the plea of defendant averring that the note was an asset of the estate for which plaintiffs were acting.

The seventh assignment presents for review the ruling on the motion for new trial. There is no plea denying that plaintiffs were executors and trustees, as alleged in the declaration. By the third plea defendant denies that it

executed the note, as alleged in plaintiff's amended declaration. But the ground of the motion, that the verdict is not sustained by the evidence, is not argued or insisted on in the brief filed.

No reversible error is made to appear, so the judgment should be affirmed.

Affirmed.

PER CURIAM.—The record in this cause having been considered by this Court, and the foregoing opinion prepared under Chap. 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the court below should be, and the same is hereby, affirmed.

ELLIS, C. J., AND WHITFIELD, TERRELL, STRUM, BROWN AND BUFORD, J. J., concur.