FLORIDA MOTOR LINES, INC., v. DOROTHY FLOYD BRADLEY, et al.

164 So. 360.

Opinion Filed November 26, 1935.

592

*E. W. & R. C. Davis,* for Plaintiff in Error;
*Dickinson & Dickinson,* for Defendant in Error.

PER CURIAM.—Dorothy Floyd Bradley, a married woman, by her next friend, D. N. Floyd, sued the Florida Motor Lines, Inc., for damages for personal injuries sustained; and was awarded a verdict for $4,000.00, upon which judgment was entered.

Plaintiff filed her declaration, consisting of four counts, on May 1, 1933. The declaration alleged in substance that defendant owned, possessed and operated a bus line from Miami, Florida, along the Dixie Highway to Orlando,

Florida, and on to Tampa, Florida; that defendant operated as a common carrier in the State of Florida; that in Miami, Orlando and intermediate points, defendant maintained ticket offices and stations for the sale of tickets and carrying on the bus business of a common carrier; that plaintiff in Miami purchased of defendant a ticket to Tampa by way of Orlando, paying therefor a reasonable consideration; that on or about March 4, 1933, in the night time, plaintiff boarded one of defendant's buses in Miami and travelled to Orlando, arriving there about 7:30 o'clock on the morning of March 5, 1933; that plaintiff entered defendant's waiting room with her baggage, being required to wait until later in the day for a bus going to Tampa; that a few minutes after arriving at defendant's waiting station and while remaining in the relationship of passenger to defendant, she called a taxi to go visit her father; that while plaintiff was leaving defendant's waiting room to get into the taxi, an agent, servant and employee of defendant was assisting her with her baggage; that due to the carelessness and negligence of said agent, servant and employee the said door closed with great force and violence against plaintiff's back as she was proceeding through the doorway, knocking plaintiff through the door onto the sidewalk, striking her left knee with great force and violence against the sidewalk; that due to the negligence and carelessness of defendant's agent, servant and employee, plaintiff was greatly bruised and wounded, and suffered great pain; that plaintiff has paid and incurred doctor bills and drug bills; that at the time of her injury, plaintiff realized an income of approximately $100.00 per month; and that plaintiff has not and will not be able for a long time to do or perform any services.

The first two counts were framed on the theory that de-

fendant's porter so carelessly and negligently handled the door while plaintiff was passing out of the station, that said porter let the door "close with great force and violence" against plaintiff's back, causing the injury complained of. The third and fourth counts were framed on the theory that defendant's porter so carelessly and negligently fastened the foot-bolt to hold the door open that said door came loose and closed with great force and violence against plaintiff's back as she was passing out of the station, causing the injury complained of.

The parties went to trial upon the plea of the general issue of not guilty.

The evidence adduced that plaintiff had been injured in the left knee at the time and in the place alleged; that the injury was of such nature that she was unable "to flex her leg more than angle of 35 degrees"; that treatments of "diathermy" and "massage" had enabled her to attain that much flex; that since treatments had been stopped "she had not got that much bend now"; that there is a "35% permanent disability there."

There was conflicting testimony as to the manner in which plaintiff received her injury. The negro porter, Willie McQueen, testified that the door through which plaintiff walked when she fell and was injured had been fastened back by him by means of a foot-bolt attached to the door when the bus in which plaintiff was riding arrived at the station, and that said door was not unfastened by him until after plaintiff had left in the taxi; that he could see through the open door when plaintiff fell and ran to her assistance. Plaintiff testified that she started out of the station door after Willie McQueen, the negro porter, had opened it for her, it being closed before that; that she was about a foot from the door sill on the inside of the station, the door, due

to the careless and negligent manner in which said porter was holding it, was let loose, striking plaintiff in the back, throwing her to the sidewalk on her left knee.

The jury awarded plaintiff $4,000.00 damages. Motion for new trial was denied. Writ of error was taken.

Plaintiff in error assigned forty-eight errors. Only eight assignments are argued, viz., numbers 2, 4, 7, 13, 17, 23, 24 and 25. The other forty may be considered as abandoned. See: Atlantic Coast Line R. Co. v. Watkins, 97 Fla. 350, 121 So. 95; Burnett v. Green, 97 Fla. 1007, 122 So. 570; McWilliams Co. v. Travers, 96 Fla. 203, 118 So. 54; McClure v. Century Estates, 96 Fla. 568, 119 So. 146; Kloss v. State, 95 Fla. 433, 116 So. 39; Denmark v. State, 95 Fla. 757, 116 So. 757.

The practice of assigning a large and unnecessary number of errors is disapproved. See: Hoopes v. Crane, 56 Fla. 395, 47 So. 992; Atlantic Coast Line R. Co. v. Whitney, 65 Fla. 72, 61 So. 179; Mitchell v. Mason, 65 Fla. 208, 61 So. 579; Florida East Coast R. Co. v. Knowles, 68 Fla. 400, 67 So. 122.

In the first question presented it is argued that the trial court erred in refusing to direct a verdict for the defendant on the third and fourth counts of the declaration at the close of the plaintiff's testimony. The court did direct a verdict for defendant on the third and fourth counts; but upon reconsideration, reversed its ruling and allowed the trial to proceed on all four counts.

This question involves the sufficiency of the evidence to support a verdict in plaintiff's favor on the third and fourth counts of the declaration at that state of the trial.

At that time there was testimony of plaintiff that she was hit in the back by the door at defendant's waiting room in Orlando, which threw her to the sidewalk on her left knee;

and that Willie McQueen, the porter, was holding the door as she attempted to make her exit from said station.

There was also the following testimony of Willie McQueen before the jury:

"Q. Did you see this lady there?

"A. Yes, sir.

"Q. When she went to go out at the door on Wall Street, and you opened the door, did you fasten the door-stop?

"A. Yes, sir."

Cross Examination:

"Q. Did you fasten the door-stop at the time she went to go out or previously?

"A. When we opened in the morning.

"Q. Was she there at that time?

"A. No, sir; the bus had just drive in the driveway at the time."

The trial court, in considering this testimony, thought there was such contradiction that the jury should decide when Willie McQueen did fasten the door-stop, or if it was fastened at all. It cannot be said as a matter of law that at the close of plaintiff's testimony there was no evidence before the jury to sustain the third and fourth counts.

A party moving for a directed verdict admits the facts stated in the evidence adduced and every conclusion favorable to his adversary fairly and reasonably inferable therefrom. See: E. E. Alley Co. v. Ball, 102 Fla. 1034, 136 So. 704; Briggs v. Mann, 95 Fla. 31, 115 So. 2; Gulf Refining Co. v. Ankeny, 102 Fla. 151, 135 So. 521; Wolf v. City of Miami, 103 Fla. 774, 137 So. 892; Stevens v. Tampa Electric Co., 81 Fla. 512, 88 So. 303; Anderson v. Southern Cotton Oil Co., 73 Fla. 432, 74 So. 975, L. R. A. 1917E 715.

In the second question presented it is argued that it was error to allow the physical demonstration before the jury as to the extent that plaintiff could bend her left knee.

Plaintiff had already testified that she could only bend her knee "about one-eighth of an angle"; and Dr. Christ had testified that she had a 35% permanent injury in the left knee. Then Dr. Christ was permitted over objection of defendant's counsel to bring plaintiff before the jury and show them her injured leg; then the Doctor took hold of her left leg and in "endeavoring to flex the knee" caused the plaintiff to cry out, indicating pain.

"Whether or not such an exhibition shall be allowed is a matter resting largely in the discretion of the trial court, which will not be interfered with except in case of abuse." 22 C. J. 789.

An injured party in a personal injury action may, subject to the court's discretion, exhibit her person to the jury to show the nature and extent of her wounds. See: Ann. Cas. 1913D 245 Note and cases there cited. Such party may exhibit a leg to the jury when that member has been injured. See: Ann. Cas. 1913D 248 Note and cases there cited.

In the third question presented it is argued that the trial court erred in refusing to give the following instruction to the jury:

"If you believe the evidence, you must find your verdict for the defendant on the third and fourth counts of the declaration."

This requested instruction was equivalent to asking for a directed verdict on the third and fourth counts of the declaration.

At the close of the testimony, there was evidence that Willie McQueen, the porter, had fastened the station door

open by means of a foot-bolt, though there was a slight variance between allegation and proof as to the time when that was done. In addition, there was evidence that plaintiff was hit in the back by the door as it closed, which threw her to the sidewalk on her left knee. This requested instruction was properly refused.

An affirmative, charge directing a verdict for the defendant should not be given, unless it is clear that there is no evidence whatever adduced that could in law support a verdict for the plaintiff. If the evidence is conflicting, or will admit of different reasonable inferences, or if there is evidence tending to prove the issue, it should be submitted to the jury, and not passed upon by the judge in giving the affirmative charge. See: Johnson v. Louisville & N. R. Co., 59 Fla. 305, 52 So. 195; King v. Cooney Eckstein Co., 66 Fla. 246, 63 So. 659; Atlantic Coast Line R. Co. v. Pelot, 62 Fla. 121, 56 So. 496; Geo. E. Wood Lumber Co. v. Gipson, 63 Fla. 316, 58 So. 364; Southern Express Co. v. Williamson, 66 Fla. 286, 63 So. 433.

In the fourth question presented it is argued that the trial court erred in giving the following instruction to the jury:

"I deem it unnecessary to repeat the general charges which have been given to you in previous cases, and merely suggest that you will bear those in mind in the consideration of the testimony in this case in determining the *credibility* of the witnesses, and the *weight* that you will attach to the testimony of the different witnesses." (Emphasis supplied.)

There is nothing in the record to show that the six jurors who tried the issues in this case had actually served on a jury in any previous case to which the trial court had given general charges as to the credibility of the witnesses and the weight to be attached to their testimony, except the re-

mark to that effect in the instruction itself. Neither were those instructions referred to by the trial court made a part of the record so that their correctness might be reviewable by the appellate court. Inasmuch as some or all of the jurors in this case might not have heard the instructions referred to by the trial court; or if they heard them, might not be able to differentiate between them and instructions pertaining to other matters, this instruction of the trial court had a tendency to confuse the jury, and was erroneous.

"The office of an instruction is to enlighten the jury upon questions of law pertinent to the issues of fact submitted to them in the trial of the case. And an instruction which tends to confuse rather than enlighten, and which is calculated to and may have misled the jury and caused them to arrive at a conclusion that otherwise would not have been reached by them, is cause for reversal of the judgment." Holman Livestock Co. v. Louisville & N. R. Co., 81 Fla. 194, 87 So. 750, and cases there cited.

Reversed.

WHITFIELD, C. J., and TERRELL, BUFORD and DAVIS, J. J., concur.

BROWN, J., dissents in part.

BROWN, J. (dissenting in part).—I concur in the reversal, but I think the rule laid down on one point in the case should be qualified, and so qualified the exhibition to the jury of plaintiff's injured leg should not have been permitted. While such matters are to a large extent discretionary with the court, such exhibitions should not be permitted where there are no wounds or scars the appearance of which would aid the jury in arriving at a decision as to the seriousness of the injury. If the injury is of such a nature that it cannot be seen by the jury, the exhibition is unnecessary. It has been held that it is not proper to permit the exhi-

bition of plaintiff's person for the purpose of conducting experiments to prove that he or she will cry out with pain, or that the muscles will grow rigid, when the limbs are manipulated in a certain manner. If the exhibition does not tend to instruct the jury, but only to excite their sympathies or inflame their passions, it should not be permitted. See Landro v. Great Northern R. Co., 117 Minn. 306, 135 N. W. 991, Ann. Cas. 1913 D 244.