104 So.2d 508 (1958)
OLIN'S, INC., a corporation, Petitioner,
v.
AVIS RENTAL CAR SYSTEM OF FLORIDA, Inc., Respondent.
Supreme Court of Florida.
July 16, 1958.
*509 Joseph I. Davis, Eaton & Achor, Miami, and Lawrence Renfroe, Tallahassee, for petitioner.
John H. Wahl, Jr., and Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, for respondent.
ROBERTS, Justice.
This cause is before the court on certiorari granted to review the decision of the District Court of Appeal, Third District, in Olin's, Inc., v. Avis Rental Car System of Florida, Inc., 102 So.2d 159.
The history and facts of the litigation are set forth in the decision here reviewed and need not be repeated in any detail. It suffices to say that the District Court of Appeal reviewed on interlocutory appeal a "partial summary declaratory decree" entered by the trial court in favor of the plaintiff, respondent here, upon its motion after a motion to dismiss and a motion to transfer to the law side of the court had been filed by the defendant, petitioner here, but prior to the filing of an answer by the defendant. The plaintiff's suit had sought a decree declaratory of its rights under a contract with defendant and had requested the court to declare judicially that plaintiff's "construction of its contract with the defendant is correct; that defendant's acts constituted a breach and violation of said contract; that plaintiff was entitled to give notice of its intention to terminate the same in the form and manner as given; * * *" The trial court held that a cause of action for declaratory relief had been stated, thus impliedly denying the defendant's motions to dismiss and to transfer, and entered a summary decree in favor of plaintiff in accordance with its request.
Upon the interlocutory appeal to the District Court of Appeal, the appellate court sustained the defendant's contention that no cause of action for declaratory relief had been stated. It did so, however, on the ground that the defendant had admitted, in its motions to dismiss and to transfer, that it had breached its contract with plaintiff; that this admission was binding upon defendant; and that this admission dissipated all doubts as to the proper construction of the contract, leaving nothing to be resolved by the trial court except "questions as to the effect of the breach of contract." It remanded the cause for further proceedings in this respect.
Finding itself in the position of having "won the battle but lost the war", the defendant has petitioned this court to review the appellate court's decision, contending that the ruling respecting the binding *510 effect of the admissions made in its motions to dismiss and to transfer is in direct conflict with a long line of decisions of this court. This contention is well taken. The general rule is stated in Smetal Corp. v. Family Loan Co., 1935, 119 Fla. 497, 161 So. 438, 445, as follows:
"The motion to dismiss takes the place of a demurrer, and admits for the purposes of the consideration of the motion that all facts well pleaded in the bill of complaint are true. This admission, however, does not preclude the defendant from answering the bill of complaint when his motion to dismiss is denied and in his answer deny every material allegation of the bill of complaint."
And in Bennett v. Senn, 1932, 106 Fla. 446, 144 So. 840, 842, in which a demurrer to an answer setting up a defense to a mortgage foreclosure was sustained and the defendant thereafter sought to rely on the allegations contained in the answer as a defense to the entry of a deficiency decree, this court said, in affirming the deficiency decree:
"The fallacy of this argument is apparent when we are reminded that the demurrer to the answer was sustained. This left the record in so far as the questions involved here are concerned, in the same shape as it would have been if no answer had been filed. When the demurrer was sustained, the facts alleged in the answer dropped out of the case. The admissions made by the demurrer were only for the purpose of passing upon the sufficiency in law of the answer, and were not binding upon the court in the consideration of the case on final hearing, or upon application for a deficiency decree. [Citations.] They could not be regarded as an acknowledgment, or used as evidence, or considered as equivalent to evidence."
In the instant case, the theory upon which plaintiff had proceeded in cancelling its contract with defendant and of which it sought judicial sanction ex post facto in its suit for declaratory decree was that defendant had committed a technical breach of the contract, thereby authorizing the plaintiff to exercise its option of cancellation thereof. If the motion to dismiss filed by the defendant was in proper form  that is to say, if it merely expressly admitted that which would have been constructively admitted by a motion to dismiss stated in general terms  then obviously, under the decisions cited above, the admission made thereby fell out of the case when the motion was overruled.
If, on the other hand, the motion to dismiss was not in proper form in the sense that it improperly attempted to alter or qualify the state of facts pleaded in order to render the complaint legally insufficient  the old "speaking demurrer" under our former practice  then it was objectionable for that reason and properly overruled, see Stone v. Stone, Fla.App. 1957, 97 So.2d 352; Southern Life Ins. & Trust Co. v. Lanier, 1853, 5 Fla. 110; Crandall, Florida Common Law Practice, § 70, p. 93; Keigwin, Cases in Common Law Pleading (2d Ed.) § 102, p. 431; 19 Am.Jur., Equity, § 310, p. 222, although "in some instances, if a demurrer thus vicious also raises properly some point of law, it may to that extent be considered, and the impertinent suggestion of fact ignored." Keigwin, Cases in Common Law Pleading (2d Ed.) § 102, p. 431.
In either event, whether overruled for substantive reasons or for merely formal reasons, the admissions made by the defendant's motion to dismiss and its corollary, the motion to transfer, "dropped out of the case" as in the case of any other pleading which has been successfully attacked by the opposing party, leaving the record "in the same shape as it would have been if no [such pleading] had been filed," to paraphrase the court's language in Bennett v. Senn, supra, 144 So. 840.
We think the District Court may have been misled by the language of this court in *511 Carvell v. Kinsey, Fla. 1956, 87 So.2d 577, 579, wherein it was said that "[c]itation of authorities is unnecessary to sustain the rule that parties-litigant are bound by the allegations of their pleadings and that admissions contained in the pleadings as between the parties themselves are accepted as facts without the necessity of supporting evidence." But this statement, when read in context, obviously refers to admissions made in the complaint and the answer upon which issue is finally joined, see Whitehouse, Equity Practice, Vol. 1, § 336, p. 558, and not to admissions made in preliminary pleadings that have been successfully attacked by the opposing party, cf. Bennett v. Senn, supra, 144 So. 840, nor to admissions made in one of several separate and inconsistent defenses, see Dowling v. Nicholson, 1931, 101 Fla. 672, 135 So. 288. 30 F.S.A. Rule 1.8(g) Fla.Rules Civ.Proc.
Nor can the District Court's decision be sustained upon the theory of estoppel to maintain inconsistent positions in pleading, since this rule is not applicable unless the previous position was successfully maintained. See Smith v. Urquhart, 1937, 129 Fla. 742, 176 So. 787; McWilliams Co. v. Travers, 1928, 96 Fla. 203, 118 So. 54; Capital City Bank v. Hilson, 1912, 64 Fla. 206, 60 So. 189.
The whole basis of the District Court's opinion was its erroneous conclusion that the defendant was bound by the admissions made in its motions to dismiss and to transfer, even though these motions were denied by the trial court; so the decision here reviewed should be and it is hereby quashed and the cause remanded to the District Court for consideration of the other questions presented on the interlocutory appeal and which were not decided since, under the view taken by the court on that appeal, it was unnecessary.
It is so ordered.
TERRELL, C.J., and THOMAS, DREW and O'CONNELL, JJ., concur.