363 So.2d 583 (1978)
Marshall GRAUER, Appellant,
v.
OCCIDENTAL LIFE INSURANCE COMPANY OF CALIFORNIA, Appellee.
No. II-190.
District Court of Appeal of Florida, First District.
October 17, 1978.
Rehearing Denied November 6, 1978.
*584 David R. Lewis of Lewis, Paul, Isaac & Castillo, Jacksonville, for appellant.
Paul R. Sanford of Rogers, Towers, Bailey, Jones & Gay, Jacksonville, for appellee.
ERVIN, Judge.
Grauer appeals a judgment on the pleadings denying recovery of benefits under his disability income policy.
In July, 1973, Grauer injured his back and received total disability payments from Occidental for two years, or until July 24, 1975. On January 22, 1974, he was seriously injured in an automobile accident, and in February, 1976, he sued his insurer to recover disability benefits under the recurrent disability provisions of his policy. He alleged he was totally disabled from the injury, and sought disability benefits commencing after July 24, 1975. Later, final judgment was entered in favor of Occidental in which it was held, among other things, the injury sustained by Grauer in 1974 did not, under the terms of the policy, constitute a recurrent disability because it was necessary there be a recurrence of total disability only after the insured resumes his occupation on a full time basis for a continuous period of six months and here, "the plaintiff had not resumed his occupation on a full time basis for a continuous period of six months."
In April 1977, Grauer filed a complaint against Occidental seeking disability payments from January, 1976, alleging that after short intervals following the injuries which he incurred in July, 1973, and in January, 1974, he resumed his occupation on a full time basis for a continuous period of more than six months after his total disability payments ceased in July, 1975, although he did not perform "each and every duty pertaining to his occupation." He alleged also that following six continuous months of employment, he suffered a new total disability precluding him from performing each and every duty pertaining to his occupation. The lower court entered judgment on the pleadings and Grauer complains it erred in so doing; that the two suits were based upon different facts, different injuries, different conditions precedent, and different provisions of the policy; therefore the theory of res judicata does not apply.
While we agree with Grauer that the facts alleged and the relief sought in the two actions were sufficiently dissimilar so as to render res judicata inoperable, compare United States v. Moser, 266 U.S. 236, 45 S.Ct. 66, 69 L.Ed. 262 (1924), nevertheless we are of the view that Grauer is estopped from seeking disability payments from his insurer because the position he now maintains is inconsistent with that alleged in the prior action. The doctrine of estoppel against inconsistent positions is based upon equitable considerations, not those of res judicata. See Palm Beach Co. v. Palm Beach Estates, 110 Fla. 77, 148 So. 544 (1933). Grauer's first complaint was filed February 6, 1976, in which he alleged he was entitled to disability benefits "due him as the result of his total disability emanating from his injury of January 22, 1974, which total disability was continuing and present at the time of his request and continues and is present through this date." Thus Grauer alleged he was totally disabled from January 22, 1974 until the date his complaint was filed, February 6, 1976. His second complaint alleged his entitlement to disability payments following his employment on a full time basis "for a continuous period of more than six months after his total disability payments stopped in July of 1975." The two positions are clearly inconsistent. Grauer could not be both, during the same period of time, employed on a full time basis and totally disabled.
The doctrine of equitable estoppel was well stated by the Second District Court of Appeal in United Contractors, Inc. v. United Construction Corp., 187 So.2d 695, 701-702 (Fla. 2d DCA 1966):

*585 "Equitable estoppel" precludes a person from maintaining a position inconsistent with another position which is sought to be maintained at the same time or which was asserted at a previous time; and, as a general rule where a person has, with knowledge of the facts, acted or conducted himself in a particular manner, or asserted a particular claim or right, he cannot afterward assume a position inconsistent with such act or conduct to the prejudice of another who has acted in reliance on such conduct. The doctrine requires of a party consistency of conduct, when inconsistency would work substantial injury to the other party. 31 C.J.S. Estoppel § 108, p. 548, et seq.; Rosello v. Hayden, Fla. 1955, 79 So.2d 682; Fairlie v. Scott, 1924, 88 Fla. 229, 102 So. 247; Holly Hill Citrus Growers' Ass'n v. Holly Hill Fruit Products, C.A.Fla. 1935, 75 F.2d 13.
The above rule is subject to the exception that it is not applicable unless the party's position in the prior suit was successfully maintained. Smith v. Urquhart, 129 Fla. 742, 176 So. 787 (1937); McWilliams Co. v. Travers, 96 Fla. 203, 118 So. 54 (1928); Olin's, Inc. v. Avis Rental Car System of Florida, 104 So.2d 508 (Fla. 1958). It is true that Grauer did not obtain the relief which he sought in the prior action; it does not follow, however, that his previous position was not successfully maintained. The final judgment in the prior action found Grauer was totally disabled, but, under the terms of the policy, Occidental was not liable for total disability beyond the two years originally paid, primarily for the reason that Grauer had not resumed his occupation on a full time basis for a continuous period of six months. Grauer's position, however, that he was totally disabled was successfully maintained by him in the preceding suit. To successfully assume a position to the prejudice of an adversary does not require that the party estopped must prevail in obtaining a successful result by way of a judgment against his adversary, and whether he wins or loses his case he may just as effectively become estopped from later changing his factual position to the injury of his adversary. Thus a particular state of facts in a pleading may be successfully assumed, and yet the decision on the law of the case may go against the party who has succeeded in the establishment of his own allegations of fact. Palm Beach Co. v. Palm Beach Estates, supra.
Grauer advances the ingenious argument, however, that the definitions of total disability[1] and recurrent disability[2] stated in the policy permitted him at the same time to be both totally disabled and to work on a full time basis, although he was unable to perform each and every duty pertaining to his occupation. Thus he argues he met the less restrictive definition of total disability, found in the second sentence to the term's definition, applicable to the first two years of disability. He did not qualify, however, for the more stringent definition for the period beyond two years which, he argues, allows a lifetime disability since he was not completely unable to "engage in any gainful occupation for which he was reasonably fitted by education, training or experience." We disagree.
The provision in the policy that the "insured shall be considered totally disabled while he is completely unable to perform each and every duty pertaining to his occupation ..." has been interpreted to mean that an insured may recover permanent disability benefits if he is unable to perform his material duties pertaining to his usual and customary occupation in substantially *586 the same manner as before. Lorber v. Aetna Life Ins. Co., 207 So.2d 305 (Fla. 3d DCA 1968). Clauses which so define total disability do not mean absolute helplessness, but contemplate a disability to perform all substantial and material acts necessary to one's usual occupation in the customary and usual manner. Lorber v. Aetna Life Ins. Co., supra; Sun Life Ins. Co. of America v. Evans, 340 So.2d 957, 959 (Fla. 3d DCA 1976). This does not mean, however, the policy permits the insured to be otherwise gainfully employed and qualify for benefits since it continues, "and he is not engaged in any other gainful occupation or employment."
We conclude, a finding was previously made that Grauer had not resumed his occupation on a full time basis for a continuous period of six months. That finding estops Grauer to now assert his entitlement to disability benefits by reason of his later allegation that he was, during the same period of time, employed full time. The judgment is
AFFIRMED.
MILLS, Acting C.J., and MELVIN, J., concur.
NOTES
[1] "Total disability" means the complete inability of the Insured to engage in any gainful occupation for which he is reasonably fitted by education, training or experience. During the first 2 years of any disability, the Insured shall be considered totally disabled while he is completely unable to perform each and every duty pertaining to his occupation and he is not engaged in any other gainful occupation or employment.
[2] RECURRENT DISABILITY  A recurrence of disability from the same cause shall be considered a continuation of the same disability, except that no monthly income shall be paid for any interval between periods of disability. However, a recurrence of total disability commencing after the Insured has resumed his occupation on a full time basis for a continuous period of six months shall be considered a new total disability.