HURLEY, Judge.
The question presented is whether the trial court exceeded its jurisdiction when, acting on a matter for which the appellate court had relinquished jurisdiction for a limited purpose, the trial court vacated a four-year-old judgment. We reverse.
The facts are complicated, but nonetheless necessary to understand the present appeal. Boca Development Associates, Ltd. (Boca Development) purchased a forty-one acre parcel of land in Palm Beach County. The property had been zoned for agricultural use, but Boca Development obtained a rezoning classification to commercial use. Two property owners’ associations — the Holiday City Civic Association, Inc. and the Boca Grande Property Owners Association — contested the rezoning by seeking certiorari from the circuit court. The named-respondent in the certiorari proceeding was Palm Beach County (“County”). The circuit court granted the writ and quashed the rezoning. Boca Development, although aware of the litigation, did not attempt to intervene until after the trial court had announced its decision. The trial court denied intervention; Boca Development appealed; and we affirmed. Boca Development Associates, Ltd. v. Holiday City Civic Association, 411 So.2d 343 (Fla. 4th DCA 1982).
Failing at its first effort, Boca Development next filed an independent action in the circuit court pursuant to Rule 1.540(b), Fla.R.Civ.P. The county and the two property owners’ associations were named as defendants. The suit asserted that the trial court’s decision in the earlier certiorari proceeding was the result of extrinsic fraud. Boca Development claimed that the county had changed its mind on the rezoning matter and, therefore, had purposefully presented an ineffective defense. In essence, Boca Deyelopment contended that the county had “thrown in the towel.”
The trial court ruled against Boca Development and it appealed.[1] While the appeal was pending, Boca Development reached a settlement with two of the three defendant/appellees, viz, the two property owners’ associations. Therefore, Boca Development and the two property owners’ associations filed a stipulation and joint motion that this court relinquish jurisdiction to the trial court. In the motion, the parties to the settlement asked this court to “relinquish jurisdiction to the trial court to enter an order approving their settlement agreement and to enter an amended final decree in conformity with the settlement agreement of the parties .... ”
We granted the motion and issued an order which provided, in full:
Ordered that the Stipulation and Joint Motion to Relinquish Jurisdiction is granted. Jurisdiction is hereby relinquished to the trial court for an order on settlement agreement.
The parties shall forward to this Court a copy of any order issued during relinquishment. This case shall proceed in this Court upon expiration of relinquishment unless otherwise notified in writing by parties.
After relinquishment, the trial court issued an order approving the settlement agreement and vacating the final judgment which had been entered in the cer-tiorari proceeding. The county now appeals, claiming that the trial court exceeded its jurisdiction by vacating the four-year-old judgment. We agree.
*451 Our starting point is Rule 9.600(b), Fla.R. App.P, which provides:
Further Proceedings. When the jurisdiction of the lower tribunal has been divested by an appeal from a final order, the court by order may permit the lower tribunal to proceed with specifically stated matters during the pendency of' the appeal. [Emphasis added.]
When this court relinquished jurisdiction, it empowered the trial court to enter “an order on [the] settlement agreement.” Implicit in this, was the direction that the trial court enter an order resolving the differences among the three parties which stipulated to the relinquishment of jurisdiction. It was never our intention to permit the trial court to take additional action which would prejudice the rights of a non-consenting party, viz, the county. Furthermore, our order of relinquishment did not authorize the trial court to vacate the four-year-old judgment which had been entered against the county and to which Boca Development was not a party.
On appeal, Boca Development contends that the county should be estopped from contesting the trial court’s decision to vacate its prior judgment. Boca Development notes that the county has consistently argued that the rezoning was proper. Since, by vacating its earlier judgment, the trial court, in effect, would allow the rezoning to stand, Boca Development maintains that the county is precluded from taking an inconsistent position. We cannot agree.
The doctrine of estoppel against inconsistent positions in judicial proceedings is well established. Palm Beach Co. v. Palm Beach Estates, 110 Fla. 77,148 So. 544, 549 (1933), contains the classic formulation of the rule:
It is the general rule that, where a party to a suit has assumed an attitude on a former appeal, and has carried his case to an appellate adjudication on a particular theory asserted by the record on that appeal, he is estopped to assume in a pleading filed in a later phase of that same case, or on another appeal, any other or inconsistent position toward the same parties and subject matter.
Id. 148 So. at 548. See also Lambert v. Nationwide Mutual Fire Insurance Co., 456 So.2d 517 (Fla. 1st DCA 1984); Salcedo v. Ass’n Cubana, Inc., 368 So.2d 1337 (Fla. 3d DCA 1979); Reserve Insurance Co. v. Pollock, 270 So.2d 469 (Fla. 3d DCA 1972); Federated Mutual Implement & Hardwood Ins. Co. v. Griffin, 237 So.2d 38 (Fla. 1st DCA 1970).
Boca Development, however, has overlooked a significant point: the doctrine of estoppel against inconsistent positions is not applicable to cases in which the party was unsuccessful in the prior proceeding.
In Olin’s Inc. v. Avis Rental Car System of Florida, 104 So.2d 508 (Fla.1958), the court held:
Nor can the District Court’s decision be sustained upon the theory of estoppel to maintain inconsistent positions in pleading, since this rule is not applicable unless the previous position was successfully maintained.
Id. at 511. Similarly, in Grauer v. Occidental Life Insurance Co., 363 So.2d 583 (Fla. 1st DCA 1978), cert. denied, 372 So.2d 468 (Fla.1979), the court held:
“Equitable estoppel” precludes a person from maintaining a position inconsistent with another position which is sought to be maintained at the same time or which was asserted at a previous time; and, as a general rule where a person has, with knowledge of the facts, acted or conducted himself in a particular manner, or asserted a particular claim or right, he cannot afterward assume a position inconsistent with such act or conduct to the prejudice of another who has acted in reliance on such conduct. The doctrine requires of a party consistency of conduct, when inconsistency would work substantial injury to the other party-
The above rule is subject to the exception that it is not applicable unless the party’s position in the prior suit was successfully maintained.
*452 Id. at 535 (citations omitted). This point was restated recently in Leitman v. Boone, 439 So.2d 318, (Fla. 3d DCA 1983), when the court stated
In judicial proceedings, a party simply is not estopped from asserting a later inconsistent position (if that it can be called), unless the party’s initial position was successfully maintained.
Id. at 323. See also Smith v. Urquhart, 129 Fla. 742, 176 So. 787 (1937); McWilliams Co. v. Travers, 96 Fla. 203, 118 So. 54 (1928).
In the case at bar, the county’s prior inconsistent position was not sucessfully maintained. Therefore, the exception governs, not the general rule. The county is not estopped from arguing, as it does in this action, that the trial court erred when it vacated its original final judgment.
In the order vacating the earlier final judgment, the trial court stated that
[tjhis order in no way shall be construed as a finding, either explicitly or implicitly, of any fraud on the part of any party to this action.
The county argues that this order is void because the trial court simply had no authority to overturn a four-year-old judgment absent a finding of extrinsic fraud. This position is correct. DeClaire v. Yohanan, 453 So.2d 375 (Fla.1984), and Rule 1.540(b), Fla.R.Civ.P., permit vacation of a judgment after one year only in the case of extrinsic fraud. Acknowledging this general limitation, Boca Development nonetheless asserts that the judgment was properly set aside under Rule 1.540(b)(5), Fla.R.Civ.P., which provides that a judgment may be set aside (after one year) when “it is no longer equitable that the judgment or decree should have prospective application.” In the case at bar, however, there is no competent, substantial evidence supporting any implied finding by the trial court that it would no longer be equitable to enforce the four-year-old judgment. Boca Development cites several old cases from other jurisdictions for the proposition that it is proper to set aside a final judgment when all of the parties consent. No Florida cases, however, are cited for this proposition and we have not been able to locate any.
Rule 1.540(b) allows a court to set aside a judgment on motion of a party. As we have indicated, Boca Development was not a party to the earlier proceeding. We also note that the trial court’s order does not mention Rule 1.540(b)(5). Indeed, this court relinquished jurisdiction for a limited purpose and did not empower the trial court to entertain a 1.540(b) motion. Finally, and perhaps most important, the vacation of the original judgment cannot be justified on the grounds that the parties consented thereto because all of the parties did not consent thereto. The county was never a party to the joint stipulation.
On appeal, the county correctly notes that Boca Development never met its burden of proving that the opposing parties assented to the settlement. See, e.g., Albert v. Hoffman Electric Construction Company, 438 So.2d 1015 (Fla. 4th DCA 1983); Nehleber v. Anzalone, 345 So.2d 822 (Fla. 4th DCA 1977); Goff v. Indian Lake Estates, Inc., 178 So.2d 910, 912 (Fla.2d DCA 1965) (“[A] party seeking judgment on compromise and settlement has the burden of establishing assent by the opposing party.”). Boca Development seeks to avoid this rule by citing the exception that a court can enter an order enforcing a settlement against a non-assenting party providing the settlement does not affect the “rights or legitimate interests” of the non-settling party. See United States v. City of Miami, 664 F.2d 435 (5th Cir.1981). This exception, however, is not applicable to the instant case. The vacation of an order disapproving rezoning is a matter of the greatest legitimate interest to the county. “Zoning decisions are primarily ‘legislative’ in nature and should be made by zoning authorities responsible to their constitutents.” Town of Indialantic v. McNulty, 400 So.2d 1227, 1230 (Fla. 5th DCA 1981). In Watson v. Mayflower Property, Inc., 223 So.2d 368, 373 (Fla. 4th DCA 1969) (quoting City of Miami Beach *453 v. Weiss, 217 So.2d 836 (Fla.1969)), this court noted that
Zoning involves much more than mere classification. Among other things it involves the consideration of future growth and development, adequacy of drainage and storm sewers, public streets, pedestrian walkways, density of population and many other factors which are peculiarly within the legislative competence. (Emphasis added.)
Id. at 373.
In the case at bar, the settlement between Boca Development and the two property owners associations seemed to turn principally on the payment of a substantial amount of money. Nonetheless, relying on this settlement, the lower court overturned its original order which specifically found that the proposed rezoning would be harmful to the community. The county’s rights and legitimate interests have been clearly affected by the forced settlement.
In summary, we reverse the trial court’s order, which vacated a prior final judgment, because the trial court was without authority to alter, let alone vacate, the original judgment. Moreover, the court improperly forced a settlement on a non-assenting party whose legitimate interests were affected. Accordingly, the judgment on appeal is
REVERSED.
DOWNEY and LETTS, JJ., concur.

. Simultaneous with the issuance of this opinion we issued our decision in Case No. 83-2582, affirming the tria! court’s finding of no extrinsic fraud.