ON MOTION FOR REHEARING
PER CURIAM.
Contrary to the appellants’ contention on rehearing, neither the rule against maintaining inconsistent positions nor the principle of judicial estoppel applies in this case. Those doctrines prevent a party from pleading a position inconsistent with prior contentions. Palm Beach Co. v. Palm Beach Estates, 110 Fla. 77, 148 So. 544 (1933); Williams v. Kloeppel, 537 So.2d 1033 (Fla. 1st DCA 1988), rev. denied, 545 So.2d 1367 (Fla.1989), to the prejudice of the adverse party who acquiesced in the former position, McCurdy v. Collis, 508 So.2d 380 (Fla. 1st DCA), rev. denied, 518 So.2d 1274 (Fla.1987), where the inconsistent party’s initial position was successfully maintained. Leitman v. Boone, 439 So.2d 318 (Fla. 3d DCA 1983); Grauer v. Occidental Life Ins. Co., 363 So.2d 583 (Fla. 1st DCA 1978), cert. denied, 372 So.2d 468 (Fla.1979). See generally 22 Fla. Jur.2d Estoppel & Waiver §§ 49-57 (1980). The. inconsistent statements of a person testifying once on the witness stand raise an issue of credibility to be resolved by the fact-finder but do not create an estoppel.
Appellants’ motion for rehearing is denied.