523 So.2d 798 (1988)
UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant,
v.
Brenda Ann WOOLARD, Personal Representative of the Estate of Judson H. Woolard, Deceased, and Brenda Ann Woolard, Individually, and South Carolina Insurance Company, a Corporation, Appellees.
No. 87-1939.
District Court of Appeal of Florida, First District.
April 26, 1988.
George D. Gabel, Jr. and Robert M. Dees of Wahl and Gabel, Jacksonville, for appellant.
Richard M. Powers, Tallahassee, for appellees.
WIGGINTON, Judge.
Appellant, United States Fidelity and Guaranty Company, appeals, pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv), a non-final order granting appellees' application for arbitration of a dispute concerning an insurance contract. We reverse.
Appellee Brenda Ann Woolard, as the widow of Judson Woolard, and as the duly appointed personal representative of his estate, made a claim under the uninsured motorist provisions of an insurance policy issued by appellant to Unit Transportation, the deceased's employer. The claim arose as a result of the deceased's death when the tractor-trailer he was driving struck the rear of a modified school bus on interstate 75 in Georgia. The deceased owned the tractor-trailer but was operating it on behalf of his employer, Unit Transportation. The policy in question was issued by appellant *799 to Unit Transportation and provides coverage to the deceased as an employee of Unit Transportation. It contains uninsured motorist provisions as required by section 627.727, Florida Statutes.
Appellant filed a complaint for declaratory relief in the trial court, seeking a determination that appellees are not entitled to uninsured motorist benefits provided by the policy for the following reasons: (1) Under Florida law, in order to recover uninsured motorist benefits from an insurer, the limits of bodily injury liability protection provided by the policy must be greater than the limits provided by the carrier for the alleged tort-feasor. Section 627.727(3)(b), Florida Statutes. At all material times, the alleged tort-feasors in this case, the owner and the driver of the bus, apparently had liability insurance coverage. Thus, if the limits of bodily injury liability protection contained in the policies issued on behalf of the tort-feasors are in excess of the limits of uninsured motorist coverage under the policy issued by appellant, appellees have no uninsured motorist claim against appellant. (2) Since the deceased had his own insurance coverage with another company, any recovery by appellees from appellant would be prorated between the other insurance company and appellant. (3) Since the accident occurred in Georgia, Georgia law would apply. Under Georgia law, if the deceased was at least 50 percent negligent in causing the accident, his estate would be barred from recovering damages from the alleged tort-feasors, and, therefore, appellees would not be entitled to recover under the uninsured motorist section of the policy issued by appellant.
Appellees answered appellant's complaint and filed a "counter-complaint" seeking to compel arbitration pursuant to section 682.03(1), Florida Statutes, and a provision in the policy providing for arbitration. Appellant moved to dismiss the counter-complaint. After a hearing, the court denied appellant's motion but determined that it would consider appellees' counter-complaint as an application for an order compelling arbitration pursuant to section 682.03, and granted that application.
Appellees assert that pursuant to section 627.727(1), as amended in 1984,[1] all uninsured motorist coverage is excess coverage, with no setoff for the tort-feasor's coverage. We disagree with appellees' application of that amendment to this case. The present wording of subsections 627.727(1) and (3), has not changed the fact that section 627.727 is applicable only to uninsured motorist situations, and the definition of an uninsured motorist did not change with the 1984 amendment. The statute still provides that it applies only for the protection of insureds who are legally entitled to recover damages from owners and operators of uninsured motor vehicles and that an uninsured motor vehicle is one in which the liability limits are less than the limits applicable to the injured person under the injured person's uninsured motorist coverage. A party not injured by an uninsured motorist, or one not having a claim against an uninsured motorist, may not recover under the uninsured motorist provision of his own policy. See McKinnie v. Progressive American Insurance Co., 488 So.2d 825 (Fla. 1986) and Bayles v. State Farm Mutual Automobile Insurance Company, 483 So.2d 402 (Fla. 1985).
Therefore, if the alleged tort-feasors in this case do not qualify as uninsured motorists or if, for any reason, appellees are not legally entitled to recover damages from them, appellees are not entitled to recover under the uninsured motorist portion of the policy issued by appellant. Since appellant's action for declaratory relief clearly involves coverage questions which, as appellees admit, are matters to be determined by a court, and not by arbitrators, the granting of an arbitration demand in this instance was error. See Nationwide Insurance Company v. Cooperstock, 472 So.2d 547 (Fla. 4th DCA 1985); Vigilant Insurance Company v. Kelps, 372 So.2d 207 (Fla. 3d DCA 1979); and *800 Cruger v. Allstate Insurance Company, 162 So.2d 690 (Fla. 3d DCA 1964). Therefore, we reverse and remand for further proceedings on appellant's declaratory action.
REVERSED AND REMANDED.
ERVIN and THOMPSON, JJ., concur.
NOTES
[1] As amended, section 627.727(1) now provides, in part:

The amount of coverage available under this section shall not be reduced by a setoff against any coverage, including liability insurance.