BARFIELD, Judge,
concurring:
I concur that the trial judge did not abuse his discretion in rejecting the testimony of appellants’ expert and in disallowing the late filed testimony of another expert. As I do not endorse the notion that summary judgment should be denied when it is not shown by the defense that the plaintiff won’t be able to come up with an issue of fact by the time plaintiff gets to trial, I concur in the affirmance of the final judgment.
However, the appellants had a right to contribution from a joint tortfeasor of their insured. Having satisfied the judgment against them, the appellants asserted their right. What the appellants do with any recovery they receive and how they undertake the expense of litigation are their personal business.
These appellants are free to assert any basis for contribution they believe has merit. The attorneys are not parties to this litigation and their identity is irrelevant. As shown in Lambert v. Nationwide Mutual Fire Insurance Company, 456 So.2d 517 (Fla. 1st DCA 1984), it is the inconsistent representations by the same party arising from the same facts which is condemned. Appellants sharing the proceeds of any recovery with a party who had made inconsistent representations in prior litigation would not bind the appellants to those representations.