534 So.2d 918 (1988)
Gladys MARQUEZ, Appellant,
v.
PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, Appellee.
No. 88-432.
District Court of Appeal of Florida, Third District.
December 13, 1988.
Gerald E. Rosser, Miami, for appellant.
Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane, and Shelley H. Leinicke, Fort Lauderdale, for appellee.
Before BARKDULL, NESBITT and BASKIN, JJ.
PER CURIAM.
We agree with the opinion of the First District Court of Appeal in United States Fidelity & Guar. Co. v. Woolard, 523 So.2d 798 (Fla. 1st DCA 1988), deciding that the 1984 amendments to section 627.727, Florida Statutes, did not change the definition of an uninsured motor vehicle enunciated in section 627.727(3)(b), Florida Statutes (1983). Thus, we hold that an uninsured motor vehicle continues to be a vehicle for which the limits of bodily injury liability for its insured are less than the limits applicable to the injured person's uninsured motorist coverage. See McKinnie v. Progressive American Ins. Co., 488 So.2d 825 (Fla. 1986); Bayles v. State Farm Mut. Auto. Ins. Co., 483 So.2d 402 (Fla. 1985).
We certify conflict with the decision of the Fourth District Court of Appeal in The Shelby Mut. Ins. Co. v. Smith, 527 So.2d 830 (Fla. 4th DCA 1988), and certify the following question to the supreme court as one of great public importance:
WHERE THE TORTFEASOR'S LIMITS FOR BODILY INJURY LIABILITY ARE EQUAL TO THOSE CONTAINED IN THE INJURED PARTY'S UNINSURED MOTORIST COVERAGE, MAY THE INJURED PARTY RECOVER UNDER THE UNINSURED MOTORIST POLICY?
AFFIRMED.