543 So.2d 425 (1989)
Larry Wayne MORRISON and Kay Morrison, His Wife, Appellants,
v.
UNIVERSAL UNDERWRITERS INSURANCE COMPANY, Appellee.
No. 88-1676.
District Court of Appeal of Florida, Fifth District.
May 18, 1989.
James M. Callan, Jr., of James M. Callan, Jr., P.A., Clearwater, for appellants.
Jeffrey R. Fuller, of Williams, Brasfield, Wertz, Fuller & Lamb, P.A., St. Petersburg, for appellee.
COBB, Judge.
The issue on this appeal is whether uninsured/underinsured motorist coverage can be claimed by an injured party in addition to a trotfeasor's liability coverage when limits on that liability coverage are equal to or greater than the amount of uninsured motorist coverage and where damages exceed the liability coverage.
The facts are not in dispute. The appellant (Morrison) was employed by Register Chevrolet and on May 14, 1987, while operating a vehicle owned by Register, was involved in an auto accident with Smith (alleged tortfeasor). Morrison sustained injuries as a result of this accident. Smith had liability insurance with Travelers Insurance Company (Travelers) in the amount of $25,000.00. Morrison settled with Travelers for the full policy limits after receiving permission from Universal Underwriters Insurance Company (Universal/appellee), who was Register's insurer. Subsequently, Morrison made a claim for the $20,000.00 limits under the Universal uninsured motorist policy.
*426 On January 6, 1988, Universal filed a declaratory judgment action denying that Morrison was entitled to uninsured motorist benefits since the amount of Smith's liability coverage was in excess of the uninsured motorist coverage contained in the Universal policy. Universal filed a motion for summary judgment on March 3, 1988, alleging that because Smith's liability coverage limits exceeded the limits of Universal's uninsured motorist coverage, the uninsured motorist coverage was never invoked. On June 22, 1988, the trial court entered an order of summary final judgment in favor of Universal.
Morrison contends that Florida Statute 627.727, as amended in 1984, allows him to claim the U.M. benefits under under the Universal coverage notwithstanding the fact that the limits of Smith's liability coverage ($25,000.00) was greater than the U.M. policy limits ($20,000.00). Furthermore, Morrison maintains that the intent of the amendment represented by House Bill 319 was that the full limit of U.M. protection would be available in addition to (not reduced by) the tortfeasor's liability limits. Finally, Morrison relies on the case of Shelby Mutual Insurance Company v. Smith, 527 So.2d 830 (Fla. 4th DCA 1988) as authority for his position.
Universal argues that the statutory definition of an uninsured motor vehicle only triggers U.M. coverage when the insurer providing liability has a limit in effect which is less than the U.M. coverage limits. § 627.727(3)(b), Fla. Stat. (1987). Universal also points out that the 1984 amendments did not expressly change or alter the language requiring a tortfeasor's liability limits to be less than the available U.M. limits in order for there to be an uninsured motorist claim. Finally, Universal relies on United States Fidelity and Guaranty Company v. Woolard, 523 So.2d 798 (Fla. 1st DCA 1988) as authority for their position.
Prior to the 1984 amendment, there were two forms of U.M. coverage available to policy holders. United Services Automobile Association v. Strasser, 530 So.2d 1026 (Fla. 4th DCA 1988). Under standard U.M. coverage, the amount of protection available to a policy holder could be reduced (set-off) by any liability insurance available to him from the tortfeasor and U.M. coverage was intended to be a mirror image of a tortfeasor's liability insurance coverage. Allstate Insurance Company v. Morales, 533 So.2d 952 (Fla. 5th DCA 1988). If, however, the tortfeasor had liability coverage limits equal to or greater than those contained in U.M. coverage, then no U.M. coverage would be available. Coleman v. Florida Insurance Guaranty Associations, Inc., 517 So.2d 686 (Fla. 1988) (applying the 1981 version of section 627.727); Bayles v. State Farm Mutual Automobile Insurance Company, 483 So.2d 402 (Fla. 1985) (applying the 1983 version of section 627.727); Bradley v. Government Employees Insurance Company, 460 So.2d 981 (Fla.3d DCA 1984); Wassau Underwriters Insurance Company v. Taubler, 448 So.2d 545 (Fla. 5th DCA 1984).
Excess underinsured coverage provided the full limit of U.M. protection in addition to the tortfeasor's liability coverage for an additional premium. The excess U.M. coverage was codified in section 627.727(2)(b), Florida Statutes (1983).[1]
Prior to the 1984 amendment, insurers were required to offer both the standard U.M. coverage and the excess underinsured coverage to policy holders. The effect of House Bill 319 was to require insurers to *427 offer only excess uninsured (underinsured) coverage. Excess uninsured motorist coverage thus became the only type of U.M. coverage required to be offered by insurers along with the larger premium that could be charged.
In the 1983 version of 627.727(3)(b), the definition for "uninsured motor vehicle" was specifically tied to the standard U.M. coverage and thus had no applicability to excess underinsured coverage listed in 627.727(2)(b). The 1984 amendment effectively deleted the standard U.M. coverage and the higher priced excess became the norm. Subsection (2) was effectively rewritten and the language of (b) was moved into subsection (1). See § 627.727(1), Fla. Stat. (1987).
For some unknown reason, section 627.727(3)(b) was never eliminated and as a result, considerable confusion has ensued. In the instant case, Morrison should have been able to pursue the $20,000.00 in U.M. coverage under the Universal policy because under the "excess" recovery method, now embodied in section 627.727(1) as the only type of U.M. coverage, the liability insurer's limits were allegedly less than the damages of the injured person.[2]
Section 627.727(3)(b) never did apply as a threshold determination to be made in regard to excess underinsured coverage and thus it cannot apply now for the first time. Compare, Woodard v. Pennsylvania National Mutual Insurance Company, 534 So.2d 716, 720 (Fla. 1st DCA 1988).
Notwithstanding the new amendment effective October 1, 1989,[3] the Shelby opinion is the better view of section 627.727 as amended in 1984. See also, Government Employees Insurance Company v. Brewton, 538 So.2d 1375 (Fla. 4th DCA 1989). Opinions such as U.S.F. & G. v. Woolard, fail to consider the House of Representative's Staff Summary and Analysis of HB 319 and do not correctly express the intent of the legislature as it was recorded. See also, Marquez v. Prudential Property and Casualty Insurance Company, 534 So.2d 918 (Fla. 3d DCA 1988).[4] The legislature intended the 1984 amendment to section 627.727 to incorporate, as the only type of U.M. coverage, excess coverage as previously codified in section 627.727(2)(b), Florida Statutes (1983). Under the current statute, the final judgment of the trial court is hereby reversed.
REVERSED.
ORFINGER and DANIEL, JJ., concur.
NOTES
[1] In addition, the insurer shall make available, at the written request of the insured, excess underinsured motor vehicle coverage, providing coverage for any insured motor vehicle when the other person's liability insurer has provided limits of bodily injury liability for its insured which are less than the damages of the injured person purchasing such excess underinsured motor vehicle coverage. Such excess coverage shall provide the same coverage as the uninsured motor vehicle coverage provided in subsection (1), except that the excess coverage shall also be over and above, but shall not duplicate, the benefits available under the other person's liability coverage. The amount of such excess coverage shall not be reduced by a setoff against any coverage, including liability insurance. An insurer shall not provide both uninsured motor vehicle coverage and excess underinsured motor vehicle coverage in the same policy. (Emphasis supplied).
[2] Under the excess U.M. coverage, the only threshold question was whether the tortfeasor's liability limits were insufficient to cover all of the injured party's damages.
[3] Chapter 88-370 amended section 627.727, and is to be effective October 1, 1989. This amendment does not change the subsection (3)(b) definition, but does radically change subsection (1) by removing most of the language that was placed in the subsection by the 1984 amendments. The change will only further the confusion already surrounding this legal question, however, the amendments appear to signal a change back to the "standard" form of U.M. coverage with no provisions for "excess" coverage.
[4] The Marquez court has certified the following question to the Florida Supreme Court:

Where the tortfeasor's limits for bodily injury liability are equal to those contained in the injured party's uninsured motorist coverage, may the injured party recover under the uninsured motorist policy?