574 So.2d 1063 (1990)
UNIVERSAL UNDERWRITERS INSURANCE COMPANY, Petitioner,
v.
Larry Wayne MORRISON, et ux., Respondents.
No. 74317.
Supreme Court of Florida.
October 18, 1990.
Rehearing Denied December 26, 1990.
*1064 Jeffrey R. Fuller of Williams, Brasfield, Wertz, Fuller & Lamb, P.A., St. Petersburg, for petitioner.
James M. Callan, Jr. of James M. Callan, Jr., P.A., Clearwater, for respondents.
GRIMES, Justice.
We review Morrison v. Universal Underwriters Insurance Co., 543 So.2d 425 (Fla. 5th DCA 1989), because of its conflict with Marquez v. Prudential Property & Casualty Insurance Co., 534 So.2d 918 (Fla. 3d DCA 1988), review discharged, 559 So.2d 220 (Fla. 1990), and United States Fidelity & Guaranty Co. v. Woolard, 523 So.2d 798 (Fla. 1st DCA 1988). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
This case involved a claim for underinsured motorist coverage for injuries suffered by Larry Morrison on May 14, 1987, while he was operating a motor vehicle owned by his employer, Register Chevrolet-Oldsmobile, Inc. The accident was allegedly caused by the negligence of Albert Smith, the operator of another motor vehicle, who carried liability insurance in the sum of $25,000. Register's liability insurance policy which was issued by Universal Underwriters Insurance Company included uninsured motorist coverage with limits of $20,000. Morrison settled with Smith's liability carrier for $25,000 but claimed damages in excess of that amount.
In Universal's suit for declaratory judgment in which Morrison filed a counterclaim, the trial court entered a summary judgment in favor of Universal. The Fifth District Court of Appeal reversed the judgment on the premise that the 1984 amendment to section 627.727, Florida Statutes (1983), permitted Morrison to claim uninsured motorist benefits notwithstanding the fact that the limits of Smith's liability coverage were greater than the limits of Register's uninsured motorist coverage. Subsequent to that decision, this Court held in Shelby Mutual Insurance Co. v. Smith, 556 So.2d 393 (Fla. 1990), that regardless of what the legislature may have intended the language of the 1984 statutory amendment did not authorize a claim for uninsured motorist coverage when the tort-feasor's *1065 liability limits exceeded the limits of the uninsured motorist coverage. Thus, we summarily reversed the decision below upon the authority of Shelby Mutual Insurance Co.
Morrison filed a motion for rehearing in which he asserted that Register's policy contained a 1985 endorsement which was apparently intended to comply with what the legislature thought it was accomplishing by its 1984 amendment to section 627.727. The 1985 policy endorsement stated in pertinent part:
The DEFINITION OF "UNINSURED MOTOR VEHICLE" is amended to include:
(4) Which is an underinsured motor vehicle. An underinsured motor vehicle is a motor vehicle for which the sum of all liability bonds or policies at the time of an ACCIDENT provides a limit that is less than the amount an INSURED is legally entitled to recover as damages caused by the ACCIDENT.
In response to the motion for rehearing, Universal stated that this argument was not raised at either the trial level or before the district court of appeal and ran contrary to the pleadings. We have now examined the trial court proceedings as well as the briefs filed both in this Court and in the district court of appeal to see if Morrison's argument was waived.
The complaint for declaratory judgment quotes a definition of uninsured motorist coverage consistent with Universal's position that was set forth in a 1982 endorsement which was also part of Universal's policy. In his answer, Morrison admitted the existence of this provision. However, in addition to asserting that he was entitled to coverage under section 627.727, Morrison pled an affirmative defense that Universal was guilty of bad faith "in that contrary to their written provisions of their policy, they are aware that the Defendant's, LARRY WAYNE MORRISON, claim is for excess or underinsured motorist benefits." When Universal filed a motion for summary judgment, Morrison submitted to the court a memorandum of law in which he specifically referred to the 1985 policy endorsement which redefined uninsured motor vehicles. He asserted not only that he was entitled to recover because of the 1984 amendment to section 627.727 but also because of the 1985 endorsement to Universal's policy.
In his appeal from the summary judgment, Morrison also made both arguments in his brief. Because the district court of appeal ruled in Morrison's favor on the basis of its interpretation of the 1984 statutory amendment, it did not address his contention that he was also entitled to coverage under the policy language. In the briefs filed in this Court, Morrison's primary argument was in support of the statutory interpretation reached by the district court of appeal. However, he also raised once again the assertion that in any event he was entitled to coverage because of the 1985 endorsement to the insurance policy. In rendering our original opinion, we overlooked this argument.
While the claim for coverage under the 1985 endorsement to the policy was not artfully presented in Morrison's answer, it was squarely addressed in the legal memorandum submitted to the trial judge in opposition to the motion for summary judgment. It was also clearly argued before the district court of appeal and before this Court. Upon consideration, we have concluded that the claim was not waived.
The uninsured motorist statute sets forth the minimum uninsured motorist protection which must be offered to purchasers of automobile liability insurance. Mullis v. State Farm Mut. Auto. Ins. Co., 252 So.2d 229 (Fla. 1971). However, it does not preclude insurance companies from offering greater coverage than that required by the statute. The 1985 endorsement to Universal's policy provides that there shall be uninsured motorist coverage whenever the liability limits are less than the amount an insured is legally entitled to recover as damages caused by the accident. Here, Morrison claims damages in excess of Smith's $25,000 liability insurance limits. Under the policy, it does not make any difference that Register's uninsured motorist coverage was less than Smith's liability *1066 limits. Consequently, Morrison is entitled to recover damages which exceed $25,000 up to the limits of Universal's uninsured motorist coverage, providing such damages are shown to have been caused by Smith's negligence.
We grant the motion for rehearing and vacate our previous decision. We approve the decision of the district court of appeal, though not the rationale of its opinion, and remand for further proceedings.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, EHRLICH, BARKETT and KOGAN, JJ., concur.