SHAW, Chief Justice,
dissenting.
I dissent for the same reason that I did in Shelby Mutual Insurance Co. v. Smith, 556 So.2d 393 (Fla.1990). I would now recede from Shelby based upon recent legislative enactments. It has been my position all along that the legislature intended that uninsured motorist (UM) coverage is to be stacked upon liability coverage, no matter what the UM limits. This intent was reaffirmed by the legislature during its 1989 session. Section 1 of chapter 89-243, Laws of Florida, which became effective October 1, 1989, expressly amended the definition of “uninsured motor vehicle” contained in section 627.727(3), Florida Statutes, (Supp.1988) (as amended by ch. 88-370, § 15, Laws of Fla.), to eliminate all reference to the limits of UM coverage:
(3) For the purpose of this coverage, the term “uninsured motor vehicle”
shall, subject to the terms and conditions of such coverage, be deemed to include an insured motor vehicle when the liability insurer thereof:
(a) Is unable to make payment with respect to the legal liability of its insured within the limits specified therein because of insolvency; or
(b) Has provided limits of bodily injury liability for its insured which are less than the total damages sustained by the person legally entitled to recover damson provided under uninsured motorist’s coverage applicable to the injured per-
(Underscore and overstrike in original.) I note that the majority’s entire rationale for barring stacking in Shelby turned upon its literal reading of this definition as it existed before the amendment.
The legislature itself has now termed this amendment not a change in the law but a clarification that was necessitated by the conflicting readings given the UM statute in the same two district court opinions that this Court reviewed in Shelby:
I. SUMMARY
The bill clarifies the definition of uninsured motor vehicle_
A. PRESENT SITUATION
[[Image here]]
Presently, Shelby Mutual v. Smith, 527 So.2d 830 (Fla. 4th DCA 1988), and USF & G v. Woolard, 523 So.2d 798 (Fla. 1st DCA 1988), conflict and the Shelby court cited some analyses which concluded that while the Legislature had intended to create excess coverage, the Legislature should amend s. 627.727(3)(b) to clear up an ambiguity in the law.
[[Image here]]
B. EFFECT OF PROPOSED CHANGES
The bill amends s. 627.727(3)(b), to clear up the definition of uninsured motor vehicle.
Staff of Fla.H.R.Comm. on Ins., CS for HB 331 (1989) Staff Analysis 1-2 (May 2, 1989) (on file with committee) (emphasis added).
*840 Thus, in effect, the legislature has addressed the conflict between the district courts and articulated its own longstanding intent on UM coverage, while this Court addressed the identical conflict and reached precisely the opposite conclusion concerning legislative intent in Shelby. Obviously, the legislature, not this Court, is best equipped to know its own purpose.