BARFIELD, Judge.
The Hammocks, plaintiffs in a negligence suit arising out of an automobile accident, appeal from two summary judgments in that suit. We affirm the summary judgment on the issue of whether a jury could have found that appellee Kent acted with *766 gross negligence, thereby precluding immunity from suit as a fellow employee under section 440.11(1), Florida Statutes. However, we find that under these particular circumstances we must reverse the summary judgment on the question of whether the Hammocks are estopped from asserting that Kent was negligent.
The automobile in which Mr. Hammock was a passenger, driven by Kent, was struck by another vehicle driven by Posey. Hammock and Kent both worked for a Toyota dealership and were test driving the car to determine the cause of a noise problem. Hammock received workers compensation benefits for his injuries.
In September 1987, Hammock initiated an underinsured motorist (UM) claim in a letter to Universal Underwriters Insurance Company, the dealership’s carrier, which stated that Posey was totally at fault in causing the accident. In July 1988, the Hammocks sued Posey and Universal, alleging that Posey caused the accident, that Posey had only $10,000 in liability coverage, and that Universal had $500,000 in UM coverage, but had denied coverage beyond $20,000. In June 1989, the Hammocks obtained a summary judgment for $20,000 in UM coverage in the Posey suit. They had also collected the policy limits from Posey’s carrier.
In December 1989, the Hammocks filed a negligence complaint against Kent, who raised, inter alia, the affirmative defense of estoppel, asserting that they had alleged in the previous suit that Posey was the sole cause of the accident and on that premise had obtained UM benefits under a policy which covered Kent as driver of the vehicle.
In ruling on the estoppel issue, the trial judge relied on our decision in Lambert v. Nationwide Mutual Fire Ins. Co., 456 So.2d 517 (Fla. 1st DCA 1984). In that case, we held that a plaintiff who had alleged in an earlier lawsuit that there were three tortfeasors, including one of the defendant’s insureds, and upon such allegations successfully secured payment from more parties than he later claimed were liable, had precluded himself from taking the inconsistent position in the later suit that there was only one tortfeasor, in order to seek further recovery in the form of UM coverage from the defendant insurance company.
Although the factual scenario in this case is different from that in Lambert, the estoppel principles set out in that opinion would seem to apply, given the proper proof of the elements of estoppel.
Had the Hammocks alleged in the first suit that both Posey and Kent were negligent, the claim for UM coverage would have been denied under U.S. Fidelity & Guaranty Co. v. Woolard, 523 So.2d 798 (Fla. 1st DCA 1988). The complaint against Posey and Universal does not state that Posey was solely at fault, as had been asserted in the earlier demand letter to Universal.[1] Neither does the record before this court contain an affirmative indication that Universal relied upon Hammock’s representation in the demand letter, that Po-sey was totally at fault, when it changed its position from an assertion that no UM coverage was- available to a concession that UM coverage was available, but not in the amount sought by the plaintiffs. Absent proof of the element of reliance, an estop-pel was not established for summary judgment purposes.
The summary judgment on the issue of gross negligence is AFFIRMED. The summary judgment on the issue of estoppel is REVERSED and the case is REMANDED for further proceedings.
ZEHMER and ALLEN, JJ., concur.

. We do not consider in this appeal the attorney's obligation to allege in good faith that which he knows or reasonably believes to be true.