BARFIELD, Judge.
The claimant appeals a workers’ compensation order denying her claim for wage loss benefits from the employer and one carrier, based upon a settlement agreement she entered into with the employer and another carrier. We affirm.
The claimant injured her right wrist in a compensable accident in 1980 while driving a school bus for the Jacksonville Transit Authority (JTA), whose workers’ compensation insurer at the time was Travelers Insurance Company (Travelers). Over the next few years, she was provided medical treatment, including several surgeries, and indemnity benefits during the periods when she could not work. In March 1989, her orthopedic surgeon (Dr. Switzer) felt that she had reached maximum medical improvement (MMI) and could return to work. In May 1989, and again in June 1989, he reported to the employer that she was able to work.
*1102 On August 3, 1989, the claimant heard a pop in her right wrist while making a turn with the school bus. At the time, JTA’s workers’ compensation insurer was Florida Employees Insurance Service Corporation (FEISCO). She was sent to an orthopedist (Dr. Jones) who treated her for a sprained wrist, but by January 1990 he felt there was nothing else he could offer her and recommended she see a neurosurgeon. In February 1990, she was evaluated by the chief of hand and microsurgery at the University of Florida College of Medicine (Dr. Dell), who reported in April 1990 that she should be declared MMI with restrictions on repeated rotation of her forearm and lifting more than ten or fifteen pounds with her right arm, and that based on the physical capacity evaluation he had requested, she had a nine percent permanent impairment rating. FEISCO paid the claimant wage loss benefits from January 1990 to March 1991.
In February 1991, the claimant, Jacksonville Transit Management, Inc. (JTM), and FEISCO filed a joint petition for an order approving a lump sum settlement with respect to the 1989 injury. In paragraph 5 of the stipulation in support of the joint petition, they agreed that the claimant had reached MMI according to Dr. Dell “at least as of April 26, 1990” with a nine percent permanent impairment, and that “[s]he can return to work driving a bus with power steering, but there are buses operated by the employer which do not have power steering, so she will be seeking other employment.” In paragraph 7, they agreed that the payment of the lump sum would not discharge the obligation of the employer and FEISCO to provide future remedial and palliative medical care, that Dr. Dell would remain authorized to treat the claimant, and that the employer and FEISCO would pay her $30,-000
... in full satisfaction of FEISCO’s obligation or liability to pay monetary compensation benefits on behalf of JTM ... on account of the work related accident or occupational disease which occurred on August 3, 1989. Nothing herein shall be construed to reduce, offset, release, or discharge JTM or any carrier for any accident occurring during some other period of coverage....
In paragraph 12, the claimant voluntarily withdrew all pending claims “arising out of accidents said to have occurred during FEIS-CO’s coverage of JTM.” The final paragraph of the joint petition stated:
Payment of the lump sum set forth above specifically does not reduce, offset, release, or discharge JTM or some other carrier, except FEISCO, from their obligation or liability to pay monetary compensation benefits, impairment benefits, death benefits, attorney’s fees which have accrued to date, and rehabilitation benefits available under the Florida Workers’ Compensation Act that may have occurred during some other period of coverage by a different carrier, including, but not limited to, Travelers’.
The lump sum settlement was approved in March 1991. In August 1991, a claim for wage loss benefits from March 1991 and continuing was filed against JTA and Travelers, citing the 1980 accident. The employer and Travelers asserted that the claimant was not entitled to wage loss benefits “as statute of limitations has run” and that her wage loss “is unrelated to 5/5/80 injury but related to 8/89 accident.” At the hearing, no live testimony was presented, but the depositions of Drs. Switzer, Jones, and Dell were received in evidence, as well as the pre-trial stipulation and the joint petition for approval of lump sum settlement and supporting stipulation. The parties stipulated that the claimant had received wage loss benefits from Travelers before the 1989 accident and wage loss benefits from FEISCO after the 1989 accident, but had not sought wage loss benefits from Travelers after the 1989 accident until the August 1991 claim was filed.
Dr. Switzer testified that the claimant was “a very difficult person to get back to any type of employment,” but that he felt she could drive a bus with power steering and would encourage her to use her hand as much as possible to avoid swelling problems. He related all of her right hand surgeries to the 1980 accident and felt that “she has some impairment of function,” but testified that he does not rate permanent impairment. Dr. *1103 Jones opined that the 1989 sprain had resolved itself by the claimant’s second visit in August 1989 and that she had suffered no permanent impairment from the 1989 accident, explaining that she “had a preexisting injury and was base line level, and the injury on 8/3/89 bumped her above [the] base line level and then she came back down to the base line.” He testified that he would restrict her driving to a vehicle with power steering and that she would be prone to reinjury of her “abnormal wrist.” Dr. Dell testified that it would be speculative for him to render an opinion on causation because he had not reviewed the medical records, and that he could not apportion the permanent impairment rating he gave her without looking at the medical records, but that “intuitively I would say that the majority of her impairment, the majority of her problems, existed before this ’89 injury. But then I have to modify that statement by saying that I don’t have all the records.”
The claimant’s attorney argued that the 1989 accident was a temporary exacerbation of the 1980 injury, to which all of her problems and permanent impairment related, and that the real issue was the statute of limitations defense. He argued that in such cases the limitations period should be tolled until the claimant reaches MMI from the later injury. The attorney for the employer and Travelers argued that the lump sum settlement included “Dr. Dell’s 9% PI rating for the August of ’89 injury” and that the claimant “can’t claim wage loss for a year and a half based on a permanent injury for an ’89 accident and then turn around to another Carrier and say that wasn’t a permanent injury, it was just a temporary exacerbation.” He asserted that Dr. Dell testified he could not say within a reasonable medical probability that the 1989 injury was a temporary exacerbation, and argued that “to hold the Carrier Number 1 on the hook after they have gone to another Carrier, received wage loss benefits, and then washed out that claim based on a permanent aggravation, it’s unfair to then toll the statute of limitations claiming it’s a temporary exacerbation.” The claimant’s attorney responded that Travelers is not entitled to second-guess FEISCO decisions and that the joint petition for settlement, to which the employer agreed, specifically included language that negated release or discharge of the employer or any carrier “for any accident occurring during some other period of coverage.” He asserted:
There is just an identity of interest here that make (sic) it I think a unique situation. And to look at what FEISCO did I think is — is to lose focus of the real issue, which is did the Employer know what was going on or, did the Employer acquiesce in what was going on, did two years ever elapse where the Employer did not — excuse me, where the Employee did not seek medical treatment that was authorized by the Employer. That didn’t happen.
Because it didn’t happen, I don’t think Travelers should be heard to come in and say that the statute of limitations ran. It never did. Because there was no two-year period of time that the Employer didn’t acquiesce in this treatment. And that I think means that the Employee should prevail.
In his order, the judge of compensation claims found that in paragraph 5 of the stipulation in support of the joint petition for settlement,
the Claimant and this same Employer stipulated to an April 26,1990 maximum medical improvement date and a nine percent permanent impairment rating based on Dr. Dell’s opinions. This stipulation is part of the Joint Petition which settled the August 3, 1989 claim and, therefore, the maximum medical improvement date and finding of permanent impairment apply to that date of accident (August 3, 1989). Said Joint Petition settlement was voluntarily entered into by the parties, adopted and ratified, and there being no showing or good cause to set aside said Joint Petition, it will not be set aside.
I do not believe the general language in paragraph 7 of the joint petition, that “Nothing herein shall be construed to reduce, offset, release, or discharge JTM or any carrier for any accident occurring during some other period of coverage,” was sufficient to negate the very specific stipulation in paragraph 5. Finding no basis to *1104 set aside a factual stipulation voluntarily-entered into, I conclude it is unnecessary to go beyond it and consider the medical depositions in evidence for the purpose of determining whether the claimant sustained a permanent injury from the August 03,1989 accident.
Although the statute of limitations did not run as to Travelers, the question of temporary exacerbation vs. permanent aggravation has already been settled by stipulation. I find, based on the medical depositions, that some part of medical care rendered after the August 03, 1989 accident was for the earlier accident of May 05,1980.
Therefor, it is
ORDERED AND ADJUDGED that the Claimant suffered a permanent injury from the August 03, 1989, accident and the claims for benefits seeking indemnity benefits from Employer/Carrier is (sic) DENIED.
(emphasis in the original).
The claimant contends that the judge of compensation claims erred in refusing to consider the medical testimony and in refusing to accept the clear and unambiguous terms of the joint petition for settlement which indicated her intent to settle only the 1989 accident and never stipulated that any of her permanent impairment rating was attributable to the 1989 aggravation. She asserts that although she knew that her treating doctors’ opinions were that the 1989 accident was only a temporary aggravation, it did not seem appropriate for her to question FEIS-CO’s motivation in settling the claim. She argues that the specific language of paragraph 7, which she insisted be added to the joint petition, takes precedence over the “boilerplate” provisions of paragraph 5, upon which the judge relied.
The employer and Travelers argue that the settlement agreement between the claimant and FEISCO is competent substantial evidence that she suffered a permanent injury from the 1989 accident, and rendered moot all other evidence on the issue of future wage loss benefits. They assert that claimant represented to the judge at the time of the settlement that she had suffered a permanent impairment from the 1989 accident, and that for her to now deny that permanent impairment and seek money from Travelers “borders on disingenuous behavior” which would result in a windfall for her if she were to succeed. They cite Structural Systems v. Worthen, 463 So.2d 502 (Fla. 1st DCA 1985), for the proposition that the fact that a claimant has released the carrier responsible for the compensation benefits claimed is not a basis for holding the carrier on the prior accident liable for these benefits.
Section 440.15(3)(b), Florida Statutes (1989), conditions an injured employee’s entitlement to wage loss benefits after a compen-sable injury on having suffered a permanent impairment from that injury which “results in a work-related physical restriction which affects such employee’s ability to perform the activities of his usual or other appropriate employment.” The claim against the employer and FEISCO for wage loss benefits therefore necessarily included the representation that the claimant sustained a permanent impairment from the 1989 accident. The 1991 settlement stipulation that she had reached MMI with a nine percent permanent impairment (i.e., that she was entitled to future compensation from the employer and FEISCO in the form of wage loss benefits) necessarily represented that the permanent impairment was due to the 1989 accident, and the employer and FEISCO agreed to pay her $30,000 in full settlement of her claim against them. Subsequently, in her claim against the employer and Travelers, she represented to the judge of compensation claims that all of the nine percent permanent impairment was due to the 1980 accident and that the 1989 accident was merely a temporary exacerbation of the 1980 injury. If that is true, she was not entitled to the wage loss benefits paid by the employer and FEISCO from January 1990 to March 1991 and was also not entitled to the $30,000 lump sum settlement of her claim for wage loss benefits based upon the 1989 accident.
We hold that when the claimant sought wage loss benefits from the employer and FEISCO (which included the representation that she had suffered a permanent impair *1105 ment from the 1989 accident which resulted in a work-related physical restriction affecting her ability to work) and then successfully settled that claim for wage loss benefits in exchange for a $30,000 lump sum payment from FEISCO and the employer, she precluded herself from later taking the position that she did not suffer a permanent impairment in the 1989 accident in order to seek further wage loss benefits from the employer and Travelers. See Lambert v. Nationwide Mutual Fire Insurance Co., 456 So.2d 517 (Fla. 1st DCA 1984). See also Hertz Rent-A-Car v. Sosa, 670 So.2d 73 (Fla. 1st DCA 1996).
The judge of compensation claims’ order is AFFIRMED.
KAHN, J., and SMITH, Senior Judge, concur.