McINTOSH, D. L., Associate Judge.
Appellant, Southchase Parcel 45 Community Association, Inh (the Association), appeals from an order denying a temporary injunction to keep a recalled board of directors in office and installing a newly elected replacement board of directors. We affirm.
This appeal begins with a prior lawsuit 0Southchase I) filed by the Association challenging, among other things, the lack of a quorum at a recall election held on October 22, 2001. During the Southchase I lawsuit, the Association and the newly elected replacement board of directors entered into a settlement that required a new recall election to be held on November 19, 2001, in lieu of the October 22, 2001, recall election. The procedures for the new recall election, including what constituted a quorum, were agreed upon by the parties and memorialized in a memorandum of settlement dated October 30, 2001. The November 19, 2001, recall election was held in compliance with the parties’ settlement. In accordance with the parties’ settlement, the Association filed its Notice of Voluntary Dismissal the day after the November 19, 2001, recall election.
Eight days after dismissing the Southchase I lawsuit, the Association filed the instant lawsuit claiming the quorum at the November 19, 2001, recall election was not valid, notwithstanding the Association’s position in the Southchase I lawsuit. Under the circumstances in this case, we find the Association was estopped from taking a position inconsistent with the position taken by the Association, in the Southchase I lawsuit. Proceedings in a former suit estop a litigant from occupying an incon-, sistent position in another and subsequent suit. J. Schnarr & Co. v. Virginia-Carolina Chem. Corp., 118 Fla. 258, 159 So. 39 (1934).
In Major League Baseball v. Morsani, 790 So.2d 1071 (Fla.2001), the Florida Supreme Court stated:
Equitable estoppel is based on principles of fair play and essential justice and arises when one party lulls another party into a disadvantageous legal position:
“Equitable estoppel is the effect of the voluntary conduct of a party whereby he is absolutely precluded, both at law and in equity, from asserting rights which perhaps have otherwise existed, either of property or of contract, or of remedy, as against another person, who has in good faith relied upon such conduct and has been led thereby to change his position for the worse, and who on his part acquires some corresponding right, either of property, or of contract or of remedy.”
The doctrine of estoppel is applicable in all cases where one, by word, act or conduct, willfully caused another to believe in the existence of a certain state of things, and thereby induces him to act on this belief injuriously to himself, or to alter his own previous condition to his injury.
Id. at 1076 (quoting State ex rel. Watson v. Gray, 48 So.2d 84, 87-88 (Fla.1950) (quot *652 ing 3 Pomeroy’s Equity Jurisprudence § 804 (5th ed.1941))).
The Association could have sought the particular relief that the Association now seeks in this case in its previous litigation, the Southchase I lawsuit. However, the Association did not do so. The same subject matter and the same parties involved in the instant case were involved in the Southchase I lawsuit. A party is not permitted to maintain pleadings inconsistent "with its prior positions. Lambert v. Nationwide Mut. Fire Ins. Co., 456 So.2d 517 (Fla. 1st DCA 1984)
We hold the Association is now precluded by the doctrine of estoppel against inconsistent positions from taking an inconsistent position against the same board of directors in this subsequent case.
AFFIRMED.
GRIFFIN, J., concurs.
SAWAYA, J., concurs in result only.