HARRIS, C.M., Senior Judge,
dissenting.
This case proves that one can eat his cake and have it too.
The facts are clear and generally undisputed. The School Board of Hamilton *922 County (Board) was a participant in the North East Florida Educational Consortium (NEFEC), an agency set up by the legislature to acquire certain material and services (including insurance) for its participating members at a reduced cost. NEFEC contracted with Brown & Brown (Brown) to obtain health insurance for the employees of its participating members including Board. Brown assumed the responsibility of providing this insurance through Ace American Insurance Company (Ace).
Board had an employee who had medical expenses of $293,762.67 in excess of Board’s self-insured limit. When this claim was presented to Ace, it refused to pay. Board sued Ace on the policy. Later, when Board learned that Ace’s refusal to pay was based on its allegation that Brown had failed to provide Ace with certain material information thus voiding any coverage for the employee, it joined Brown in the suit on the theory that Brown was at fault for not obtaining the insurance it agreed to provide. It is evident that at this point, Board has an action against either Ace OR Brown but not both. Board cannot have insurance and not have insurance at the same time on the same employee. And the one liable, Ace, if there is insurance or Brown, if there is not, is totally liable. There is no shared responsibility for the loss. For example, assume the case had gone to the jury against both parties and the jury had returned a verdict against Ace in the amount of $175,000 because it had insurance coverage and $125,000 against Brown because Brown had failed to obtain the insurance coverage. Most would consider this an inconsistent verdict requiring reversal. That is essentially what happened in this case.
It would have been better had Board stayed its action against Brown and proceeded to judgment against Ace. Board would either have won it all against Ace in which case it would have had its claim paid or Board would have received nothing on its policy thus establishing its damages against Brown. Instead, as was its right, Board elected to settle its insurance claim with Ace. Board released its entire insurance claim and discharged its action against Ace for $175,000. Since Board had an insurance claim OR a non-insurance claim, but not both, it would appear that having settled its insurance claim it would not have a non-insurance claim to fall back on. Apparently not so. Board relies on the old “controverted settlement” argument, which holds that because Ace did not specifically concede liability, the validity of the policy was never judicially determined so that whether there was an enforceable policy has not been judicially determined. Therefore it is argued that Board has not successfully maintained its position that it had insurance. This is so even though the insurance claim has been dismissed and much money has changed hands.
I agree that Blumberg v. USAA Casualty Insurance Co., 790 So.2d 1061 (Fla.2001), sets the requirements for judicial estoppel. The requirement in dispute in this case is whether Board took an inconsistent position in phase II of this trial (the trial against Brown) after successfully maintaining its previous position and whether this inconsistency “makes a mockery of justice.” The majority suggests that a settlement in which the defendant does not admit liability can never constitute “successfully maintaining” a position. Blumberg does not make such a holding and, in a well-reasoned opinion, the First District in Lambert v. Nationwide Mutual Fire Insurance Co., 456 So.2d 517 (Fla. 1st DCA 1984) found judicial estoppel in a settlement case.
*923 It should not matter whether Ace conceded liability in agreeing to settle the insurance claim. Indeed, if an insurance company admits liability but refuses to pay the policy amount, insurance regulators would be all over it. Whether Ace took an inconsistent position is immaterial and there is no question but that Board did. It claimed throughout its litigation with Ace that it had insurance coverage. Without taking this position, Board would never have received the settlement of $175,000. Board went so far to establish this position that it offered sworn testimony (an affidavit of a former Brown employee that the necessary information had been delivered to Ace) which the court accepted and denied Ace’s summary judgment. In phase II of the case, Board rejected the testimony it previously presented to the court.
Even if Ace did not formally admit liability and even if Board did not get full satisfaction, it cannot be denied that the insurance claim was actually, factually, and logically settled. Board got what it agreed to accept for its insurance claim and the claim cannot be asserted again. Board’s claim has been successfully resolved.
The claim against Brown went to jury and the jury returned a verdict against Brown for the total amount of the claim. However, the court immediately gave Brown credit for the insurance settlement proceeds. Combining the proceeds of the insurance claim with the judgment of no insurance seems but further evidence that Brown did its job in acquiring the insurance policy and yet is held liable for failing to do so. If pleading mutually exclusive remedies in two phases of a single proceeding and prevailing on both does not make a “mockery of justice” and “play fast and loose with the courts,” it is difficult to see what might.
A finding of judicial estoppel is based on inconsistent positions and not necessarily on bad faith. Certainly Board did not act in bad faith in taking inconsistent positions in order to acquire as much money as possible. That can be also said, I believe, of Blumberg who dismissed one case in order to avoid an unacceptable judgment so he could proceed in another case. We should not be over concerned with bad faith and instead look to see how prevailing on inconsistent positions reflects on the image of the court.
I respectfully dissent.