EVANDER, J.
Jesse Eckols ("Appellant") appeals a final summary judgment entered in favor of 21st Century Centennial Insurance Company ("21st Century"), determining that he was not entitled to uninsured/underinsured motorist ("UM") benefits. Because the exclusion clause relied upon by 21st Century was ambiguous, we reverse.
In September 2012, 21st Century issued a renewal automobile insurance policy for Maria Eckols, her husband, Rene Eckols, and their son, Cody Eckols. The policy declarations listed three covered vehicles-a Ford Taurus, a Ford Mustang, and a Nissan King Cab truck. The policy included $50,000/$100,000 per person/accident in UM coverage for bodily injury "sustained by an insured and ... [c]aused by an auto accident with an uninsured motorist." During the policy period, the Eckols' oldest son, Appellant, was injured when he was struck by an uninsured/underinsured motorist.
Although Appellant was not a named insured, the Eckols' insurance policy expressly provided UM coverage for a "family member" of the named insured. The policy defined "family member" as "a person related to [named insured] by blood, marriage or adoption and who is a resident of the [named insured's] household." Appellant claimed entitlement to UM benefits as a "family member."
At the time of the collision, Appellant was operating a motorcycle he owned. 21st Century asserted, as an affirmative defense, that Appellant's claim was excluded because Appellant was injured while operating an owned vehicle that was not *1125 covered under the policy. The exclusion provision relied upon by 21st Century read:
A. We do not provide Uninsured Motorist Coverage for bodily injury sustained:
1. By an insured while occupying any motor vehicle owned by that insured which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.
(Emphasis in original).
Appellant acknowledged that, at first blush, this exclusion provision would appear to bar his claim. However, Appellant observed that the policy required the definition of boldfaced, italicized words to be given the meanings supplied in the policy and that the policy had defined "owned" to mean having legal title to or legal possession of an "auto" or "trailer."[1] "Auto" was defined by the policy to mean a "four wheel private passenger car, van, pickup, or jeep type automobile designed for operation principally upon public roads with a gross vehicle weight (as determined by the manufacturer's specifications) of 10,000 pounds or less." Thus, Appellant argued that application of the policy's definitions rendered the exclusion provision relied upon by 21st Century ambiguous because Appellant's motorcycle was not a "four wheel vehicle." The trial court rejected Appellant's argument and found that Appellant's claim was barred by the aforesaid exclusion provision.
Section 627.727(9)(d), Florida Statutes (2012), provides that insurers may offer policies for UM coverage containing provisions that do "not apply to the named insured or family members residing in her or his household who are injured while occupying any vehicle owned by such insureds for which uninsured motorist coverage was not purchased." However, while insurers are not allowed to provide less UM coverage than required by section 627.727, they are free to provide more coverage than the statute requires. Universal Underwriters Ins. Co. v. Morrison , 574 So.2d 1063, 1065 (Fla. 1990).
Courts generally construe an insurance policy in accordance with its plain language. Auto-Owners Ins. Co. v. Anderson , 756 So.2d 29, 34 (Fla. 2000). If the relevant policy language is susceptible to more than one reasonable interpretation, one providing coverage and the other limiting coverage, the insurance policy is considered ambiguous. Id. Ambiguous policy provisions are to be construed strictly against the insurer and liberally in favor of the insured. Id. Ambiguous exclusion clauses are construed "even more strictly against the insurer than coverage clauses." Id. This is so because insurers have the responsibility to clearly set forth what damages are excluded from coverage under the policy. Fayad v. Clarendon Nat'l Ins. Co ., 899 So.2d 1082, 1086 (Fla. 2005).
Here, the exclusion provision relied upon by 21st Century is ambiguous as to whether it applies to motorcycles. If one was to use the ordinary and common definition of the terms "motor vehicle" and "owned," we would agree with 21st Century that UM coverage was excluded where the insured was injured while operating his or her motorcycle and that motorcycle was not a covered vehicle under the policy.
*1126 However, the policy calls for the application of its own definition of the terms "owned" and "auto." The application of these definitions could reasonably be construed to narrow the undefined term "motor vehicle" to certain specified four-wheeled motor vehicles and thereby render the exclusion inapplicable to motorcycles.[2]
As previously noted, ambiguous insurance policy provisions are to be strictly construed against the insurer, particularly where the policy purports to exclude coverage. Accordingly, we reverse the final judgment entered in favor of 21st Century and remand for further proceedings consistent with this opinion.
REVERSED.
BERGER and WALLIS, JJ., concur.

Specifically, the policy defined "owned" to mean:
1. To hold legal title to the auto or trailer ,
2. To have legal possession of an auto or trailer subject to a lien or security agreement, or
3. To have legal possession of an auto that is leased or rented to that person under a written contract for a continuous period of six months or more.

The exclusion provision could reasonably be construed to read as follows if the policy's definitions of "owned" and "auto" were applied:
We do not provide Uninsured Motorist Coverage for bodily injury sustained by an insured while occupying any four wheel private passenger car, van, pickup or jeep-type automobile designed for operation principally upon public roads with a gross vehicle weight ... of 10,000 pounds or less for which the insured holds legal title or is in legal possession subject to a lien or security agreement or is in legal possession pursuant to a written lease or rental agreement for a continuous period of six months or more, and that motor vehicle is not insured for this coverage under this policy.